IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **JOHN H. MACSHERRY, JR.** | \* | |
| **Plaintiff** | \* | |
| v. | \* | CASE NO. 1:15-cv-00022-ELH |
| **SPARROWS POINT LLC** | \* | |
| and | | |
| **COMMERCIAL DEVELOPMENT COMPANY, INC.** | \* | |
| and | \* | |
| **MICHAEL ROBERTS** | | |
| | \* | |
| **Defendants** | | |
| | \* | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## FIRST AMENDED COMPLAINT

Plaintiff John H. Macsherry, Jr. ("Mr. Macsherry" or "Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendants Sparrows Point, LLC ("Sparrows Point"), Commercial Development Company, Inc. ("Commercial Development Company"), and Michael Roberts ("Mr. Roberts") (collectively referred to as "Defendants"), and alleges violations of the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.* ("MWPCL"); Breach of Contract; Promissory Estoppel/Detrimental Reliance; and Quantum Meruit and states as follows:

## NATURE OF THE CASE

1. Plaintiff Macsherry was employed as Vice President of Leasing and Development by Defendants Sparrows Point, Commercial Development Company. Defendant Roberts was the President and Managing Member of Sparrows Point, as well as Principal, President, and co-

owner of Commercial Development Company.  Plaintiff Macsherry was responsible for marketing and brokerage efforts for a property located at the Sparrows Point Peninsula (the "Property") in Baltimore County, Maryland.  Plaintiff Macsherry entered into an employment contract with Defendants whereby his wages were to be paid via a salary and a promised commission upon sale or lease of the Property and other properties.  Despite a very lucrative sale of the Property – believed to be $110,000,000.00 – Defendants have failed and refused to pay Plaintiff Macsherry an $825,000.00 commission that is due and owing.

## PARTIES

2. Plaintiff Macsherry is a Maryland resident who resides at 7824 Ellenham Road, Towson, Maryland 21204.

3. Defendant Sparrows Point is a Missouri single purpose limited liability company registered to do business in Maryland, and with an office in Maryland at 1428 Sparrows Point Blvd., Sparrows Point, Maryland 21219.

4. Defendant Commercial Development is a Missouri corporation with its principal place of business in St. Louis, Missouri, and with an office in Maryland at 1428 Sparrows Point Blvd., Sparrows Point, Maryland 21219. .

5. Defendants Sparrows Point and Commercial Development Company share a principal office in St. Louis, Missouri and an office in Maryland.  The two entities have common management, with Defendant Roberts leading each, and share Human Resources personnel.

6. Defendant Roberts is a Missouri resident.  Defendant Roberts is President and Managing Member of Defendant Sparrows Point and Principal, President, and co-owner of Commercial Development Company.

7.      While employed by Defendants, Plaintiff Macsherry reported to Robert Schoelch, Vice President of Defendant Commercial Development, until Mr. Schoelch left the company in April 2014, and was paid by Defendant Sparrows Point. Commercial Development and Sparrows Point were joint employers of Plaintiff.

8.      At all times relevant, Defendants were Plaintiff's "employer" for purposes of the MWPCL. Sparrows Point and Commercial Development are Plaintiff's employer directly, or as a single enterprise or as joint employers. Defendant Roberts was Plaintiff's employer by virtue of his leadership role with each entity and his direction and control over employment decisions, including the payment of wages to Plaintiff generally and the payment of the commission at issue in this matter specifically. Further demonstrating Defendant Roberts's status as Plaintiff's employer is the fact that Plaintiff was directed by Rebecca Lydon, the person in charge of Human Resources for each entity, to go to Defendant Roberts with questions regarding his wages and the commission at issue here. When Plaintiff approached Defendant Roberts regarding his unpaid commission, Defendant Roberts admitted that Plaintiff is owed a commission but has refused to pay same. In addition to controlling the payment of wages and lack thereof to Plaintiff, Defendant Roberts is the individual who hired Plaintiff, upon information and belief, signed the contract governing Plaintiff's employment, made the decision to terminate Plaintiff's employment, and generally supervised and controlled all employees including Plaintiff.

## JURISDICTION AND VENUE

9.      Defendants removed this action from the Circuit Court for Baltimore County, Maryland to this Court pursuant to 28 U.S.C. § 1441. Defendants alleged jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

11. This Court has personal jurisdiction over Defendants pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 6-102 and 6-103.

## STATEMENT OF FACTS

12. In or about December, 2012, Defendants presented Plaintiff Macsherry with a contract of employment for the position of Vice President of Leasing and Development and with a start date of December 10, 2012 (the "Contract").  Contract, Ex. 1.  Plaintiff Macsherry executed the Contract and delivered it to Defendants.  Defendants informed Plaintiff Macsherry that Defendant Roberts would execute the Contract.  Defendants did not provide Plaintiff Macsherry with a fully executed version of the Contract, and upon information and belief it remains in their possession. The Contract attached as Exhibit 1 contains edits made by Robert Schoelch, Vice President of Defendant Commercial Development.

13. The Contract provides that Plaintiff Macsherry will be responsible for:

> the marketing and brokerage efforts for the property; work directly with listing broker and general counsel to negotiate lease and sale contracts. Work with community organizations to increase the awareness of the property; be point person to identify international customers and port related users for the site.
>
> Be responsible for identifying appropriate local and state economic development packages/incentives; understanding the appropriate brown field entitlements and subsidies; work with Site Manager to address master plan issues including utility services, rail issues, zoning/subdivision issues, RET appeals, etc. *See* Ex. 1.

14. The Contract provides that Plaintiff Macsherry is to be paid a wage composed of a $77,000 salary per year and a commission equal to "75 basis points paid on the total value of any sales/leases or parcels on any deals closed after the Start Date. Lafarge and Fritz deals excluded." *See* Ex. 1. The commission portion of the wage amounts to 0.75% on any sale or lease on any deals closed after December 10, 2012.

15. The Contract contained other provisions including, *inter alia*, health benefits, vacation leave, paid holidays, and provisions regarding expense reimbursements. *See id.*

16. From approximately December 10, 2012 to mid-September 2014, Plaintiff Macsherry performed the services set forth in the Contract including, *inter alia*, marketing the Property, working with the county and state to figure out infrastructure related to the Property, developing concept plans, and managing, in conjunction with Mr. Schoelch until Mr. Schoelch left the company in April 2014, Cassidy Turley, which was hired by Defendant Commercial Development.

17. Upon information and belief, and as reported to the press, on or about December 14, 2013, Defendant Sparrows Point entered into a Purchase & Sale Agreement with HRP Sparrows Point, LLC to purchase the Property for $110,000,000.00.

18. Upon information and belief, such purchase of the Property closed in mid-September 2014.

19. On September 12, 2014, Defendants sent Plaintiff Macsherry a letter informing him that "[*i*]*f* the sale is completed, please be advised that you will no longer be employed by Sparrows Point LLC as of the date of closing."  09/12/2014 Letter, Ex. 2. (Emphasis in Original). The letters states that "[a]ll payroll earned to the closing date will be paid . . . ." *See id.*

20. Following the September 12, 2014 letter, Plaintiff Macsherry inquired several times regarding the status of his commission of .75% of the sale value.  Defendants through Defendant Roberts admitted that they owed Plaintiff Macsherry a commission.

21. Subsequently, Plaintiff Macsherry through counsel has made several demands for the $825,000.00 wage that is due and owing, but no payment has been made.

## COUNT I – ALL DEFENDANTS
### (Violations of Maryland Wage Payment & Collection Law)

22. Plaintiff Macsherry repeats and realleges the allegations set forth in Paragraphs 1 through 21, as if fully set forth herein.

23. Plaintiff Macsherry was an "employee" and Defendants were Plaintiff's "employer" within the meaning of the Maryland Wage Payment & Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.* ("MWPCL"). Section 3-501 of the Labor and Employment Article defines "wage" as "all compensation that is due to an employee for employment." Md. Code Ann., Lab. & Empl. § 3-501(c)(1). Section 3-501 specifically includes "a commission" in the definition of "wage." Md. Code Ann., Lab. & Empl. § 3-501(c)(2)(ii).

24. Section 3-505 requires an employer to pay "all wages due for work that the employee performed before [ ] termination," upon the employee's termination. Md. Code Ann., Lab. & Empl. § 3-505(a). Section 3-507.2 creates a private cause of action for employees whose employers fail to pay all wages owed upon termination, after two weeks have elapsed from the date on which the employer is required to have paid the wages. Md. Code Ann., Lab. & Empl. § 3-507.2.

25. As set forth above, the Contract is clear that Plaintiff Macsherry is owed a commission equal to 75 basis points (0.75%) on the total value of all sales on any deals closed after his start date. *See* Ex. 1. Despite this, Defendants knowingly failed to pay Plaintiff Macsherry a commission totaling at least $825,000.00 earned in connection with the sale of the Property. Plaintiff Macsherry's employment terminated on or about the date of closing believed to be September 18, 2014. More than two weeks have passed since the termination of his employment. Plaintiff Macsherry has repeatedly requested payment and Defendants have

6

refused to honor their obligations. Defendants' actions, therefore, constitute violations of the MWPCL and wages are due and owing to Plaintiff Macsherry.

26. Defendants' failure to pay Plaintiff Macsherry's wages was not the result of any bona fide dispute.

WHEREFORE, Plaintiff Macsherry respectfully requests that this Court grant judgment in favor of Plaintiff Macsherry and jointly and severally against Defendants for failing to pay wages in violation of the MWPCL and as follows:

(a) Award Plaintiff Macsherry compensatory damages commensurate with the unpaid wages to be proved at trial;

(b) Award Plaintiff Macsherry exemplary damages in an amount equal to three times the amount of compensatory damages awarded;

(c) Award Plaintiff Macsherry pre- and post-judgment interest at the legal rate;

(d) Award Plaintiff Macsherry his costs and reasonable attorneys' fees in bringing this action; and

(e) Award Plaintiff Macsherry any other relief this Court or a jury deems appropriate.

### COUNT II – ALL DEFENDANTS
### (Breach of Contract)

27. Plaintiff Macsherry repeats and realleges the allegations set forth in Paragraphs 1 through 21, as if fully set forth herein.

28. Plaintiff Macsherry and Defendants entered into the Contract, whereby Defendants agreed to pay Plaintiff Macsherry a yearly salary of $77,000.00 and a commission of 75 basis points (0.75%) on the total value on any sales on any deals closed after December 10, 2012.

29.   Plaintiff Macsherry performed his obligations under the Contract through his performance of the duties set forth therein, including, but not limited to marketing the Property, working with the county and state to figure out infrastructure related to the Property, developing concept plans, and managing, in conjunction with Mr. Schoelch until Mr. Schoelch left the company in April 2014, Cassidy Turley, which was hired by Defendant Commercial Development.

30.   Defendants breached the Contract when they terminated Plaintiff Macsherry's employment and failed to pay him his full yearly salary for the 2014 year, as well as his commission earned on the sale of the Property.

31.   Despite demands Defendants have refused to comply with their obligations and duties pursuant to the Contract.

32.   Defendants' breaches have caused damages to Plaintiff Macsherry.

WHEREFORE, Plaintiff Macsherry specifically requests that this Court grant judgment in favor of Plaintiff Macsherry and jointly and severally against Defendants for breach of contract and as follows:

(a) Award Plaintiff Macsherry compensatory damages associated with Defendants' breach of the Contract to be proved at trial;

(b) Award Plaintiff Macsherry pre- and post-judgment interest at the legal rate;

(c) Award Plaintiff Macsherry his costs and reasonable attorneys' fees in bringing this action; and

(d) Award Plaintiff Macsherry any other relief this Court or a jury deems appropriate.

## COUNT III – ALL DEFENDANTS
### (Promissory Estoppel/Detrimental Reliance)

33.     Plaintiff Macsherry repeats and realleges the allegations set forth in Paragraphs 1 through 21, as if fully set forth herein.

34.     Defendants promised Plaintiff Macsherry that they would pay him a yearly salary of $77,000.00 and a commission of 75 basis points (0.75%) on the total value on any sales on any deals closed after December 10, 2012.

35.     Defendants reasonably believed that their promises would induce action by Plaintiff Macsherry through his performance of efforts to procure a buyer for the Property, including, but not limited to, marketing the Property, working with the county and state to figure out infrastructure related to the Property, developing concept plans, and managing, in conjunction with Mr. Schoelch until Mr. Schoelch left the company in April 2014, Cassidy Turley, which was hired by Defendant Commercial Development.

36.     In reliance on Defendants' promises, Plaintiff Macsherry did in fact engage in such actions, vigorously working to obtain a buyer for the Property through efforts including, but not limited to, marketing the Property, working with the county and state to figure out infrastructure related to the Property, developing concept plans, and managing, in conjunction with Mr. Schoelch until Mr. Schoelch left the company in April 2014, Cassidy Turley, which was hired by Defendant Commercial Development.

37.     Due to Plaintiff Macsherry's efforts the Property was sold for, upon information and belief, $110,000,000.00.

38.     Despite repeated demands, Defendants have refused to honor their promises and pay Plaintiff Macsherry the commission due and any unpaid salary for the 2014 year.

39. Injustice will result if Defendants' promises are not enforced and the resulting detriment due to Defendants' failures to comply with their promises can only be avoided by enforcement of the promises.

WHEREFORE, Plaintiff Macsherry specifically requests that this Court grant judgment in favor of Plaintiff Macsherry and jointly and severally against Defendants for promissory estoppel/detrimental reliance and as follows:

(a) Award Plaintiff Macsherry compensatory damages associated with Plaintiff's promissory estoppel/detrimental reliance claim in an amount to be proved at trial;

(b) Award Plaintiff Macsherry pre- and post-judgment interest at the legal rate;

(c) Award Plaintiff Macsherry his costs and reasonable attorneys' fees in bringing this action; and

(d) Award Plaintiff Macsherry any other relief this Court or a jury deems appropriate.

## COUNT IV – ALL DEFENDANTS
### (Quantum Meruit)

40. Plaintiff Macsherry repeats and realleges the allegations set forth in Paragraphs 1 through 21, as if fully set forth herein.

41. Defendants and Plaintiff Macsherry entered into an agreement whereby Defendants promised Plaintiff Macsherry that they would pay him a yearly salary of $77,000.00 and a commission of 75 basis points (0.75%) on the total value on any sales on any deals closed after December 10, 2012 and Plaintiff Macsherry agreed to perform certain duties in an effort to sell the Property.

42. Plaintiff Macsherry rendered valuable services to Defendants with the intention of receiving from Defendants his salary and the promised commission. Specifically, Plaintiff Macsherry diligently performed his duties and took vigorous efforts to obtain a buyer for the

Property through efforts including, but not limited to, marketing the Property, working with the county and state to figure out infrastructure related to the Property, developing concept plans, and managing, in conjunction with Mr. Schoelch until Mr. Schoelch left the company in April 2014, Cassidy Turley, which was hired by Defendant Commercial Development.

43. Defendants accepted Plaintiff Macsherry's services, received the benefit of such services, and knew that Plaintiff Macsherry expected to be compensated for these services through his salary and promised commission.

44. Due to Plaintiff Macsherry's efforts the Property was sold for, upon information and belief, $110,000,000.00.

45. After procuring the sale, Defendants informed Plaintiff Macsherry that his employment would be terminated upon the date of closing.

46. Plaintiff Macsherry made several requests of Defendants that they pay him the commission promised and associated with the sale. Defendants refuse to honor their obligations and pay Plaintiff Macsherry for his services rendered.

WHEREFORE, Plaintiff Macsherry specifically requests that this Court grant judgment in favor of Plaintiff and jointly and severally against Defendants for quantum meruit and as follows:

(a) Award Plaintiff Macsherry compensatory damages associated with Plaintiff's quantum meruit claim in an amount to be proved at trial;

(b) Award Plaintiff Macsherry pre- and post-judgment interest at the legal rate;

(c) Award Plaintiff Macsherry his costs and reasonable attorneys' fees in bringing this action; and

(d) Award Plaintiff Macsherry any other relief this Court or a jury deems appropriate.

Respectfully submitted,

/s/
Francis R. Laws (Bar No. 02596)
flaws@tandllaw.com
Julia A. Carolan (Bar No. 28461)
jcarolan@tandllaw.com
THOMAS & LIBOWITZ, P.A.
100 Light Street, Suite 1100
Baltimore, Maryland 21202-1053
Telephone: (410) 752-2468
Facsimile: (410) 752-0979

**CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically this 7th day of July 2015. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/
Julia A. Carolan