IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

?:17 NOV 17 P:1 3: 17

JOHN H. MACSHERRY, JR.,
*Plaintiff,*

v.                                          Civil Action No. ELH-15-22

SPARROWS POINT, LLC, et al.
*Defendants.*

## MEMORANDUM OPINION

John Macsherry, Jr., plaintiff, filed suit against defendants Sparrows Point, LLC

("SPLLC"); Commercial Development Company, Inc. ("CDC"); and Michael Roberts

("Roberts"), to recover a commission of $825,000 allegedly owed to him in connection with the

sale of commercial property for the sum of $110,000,000. *See* ECF 2. In his Amended

Complaint (ECF 26), plaintiff seeks relief from all defendants under the Maryland Wage

Payment and Collection Law ("MWPCL"), Maryland Code (2016 Repl. Vol.), §§ 3-501 *et seq.*

of the Labor and Employment Article ("L.E.") (Count I). As to SPLLC and CDC, he also asserts

claims for breach of contract (Count II); promissory estoppel/detrimental reliance (Count III);

and quantum meruit/unjust enrichment (Count IV). *See* ECF 26.[1]

The parties disagree as to plaintiff's entitlement to a jury trial. Now pending is plaintiff's

---

[1] Plaintiff filed suit in the Circuit Court for Baltimore County. ECF 2. Defendants removed the case based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1332 and 1441. ECF 1. Thereafter, defendants moved to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). ECF 9. By Order of May 21, 2015 (ECF 19), I granted the motion with respect to the claims against Roberts, with leave to amend, but denied the motion as to the claims against SPLLC and CDC. Macsherry filed an Amended Complaint on July 7, 2015. ECF 26. Roberts again moved to dismiss (ECF 29), which I granted in part. *See* ECF 38; ECF 39. By Memorandum Opinion (ECF 71) and Order (ECF 72) of August 3, 2017, I denied defendants' motion for summary judgment (ECF 59) and plaintiff's motion for partial summary judgment (ECF 64). Trial is scheduled to begin on March 5, 2018. ECF 76.

Motion for Jury Trial (ECF 78) with an accompanying Memorandum of Law (ECF 78-1) (collectively, the "Motion"), seeking a trial by jury for each of the four counts in the Amended Complaint (ECF 26). Macsherry argues that a jury trial is proper pursuant to Fed. R. Civ. P. 38(b) because he requested a jury trial in the four *ad damnum* paragraphs of the Complaint and the Amended Complaint. ECF 78-1 at 1, 2, 3-6. In the alternative, plaintiff moves for a jury trial pursuant to Fed. R. Civ. P. 39(b). *Id.* at 6-9. Defendants oppose the Motion (ECF 84, "Opposition"), claiming plaintiff did not properly request a jury trial. Plaintiff has replied. ECF 89 ("Reply").

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion.

## I.    Procedural Background

Plaintiff initially filed his Complaint on November 17, 2014, in the Circuit Court for Baltimore County. ECF 2 ("Complaint"). In the Case Information Report that accompanied the Complaint (ECF 2-1), plaintiff checked "No" to a question on the form asking if plaintiff was requesting a jury trial. *Id.* at 1. The Complaint did not include a section dedicated to a demand for a jury trial. ECF 2. But, the Complaint referred to "a jury" in each of the four *ad damnum* paragraphs that follow Counts I through IV, respectively. ECF 2, ¶¶ 23(d), 29(d), 36(d), 43(d). Specifically, the four *ad damnum* paragraphs state, *id.*: "WHEREFORE, Plaintiff Macsherry specifically requests that this Court grant judgment in favor of Plaintiff and jointly and severally against Defendants . . . as follows: . . . (d) Award Plaintiff Macsherry any other relief this Court or *a jury* deems appropriate." (Emphasis added).

Defendants timely removed the case to this Court on January 6, 2015, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. ECF 1 ("Notice of Removal"). Along with the Notice of

Removal, defendants filed a Civil Cover Sheet (ECF 1-1) in which they checked a box next to

"No" in regard to a request for jury trial. *Id.* at 1.

After the Court ruled (ECF 19) on defendants' motion to dismiss (ECF 9), Macsherry

filed an Amended Complaint on July 7, 2015. ECF 26 ("Amended Complaint"). The Amended

Complaint does not include a section devoted to a jury trial request. However, it refers to "a

jury" in each of the four *ad damnum* paragraphs following Counts I through IV, respectively.

ECF 26, ¶¶ 26(e), 32(d), 39(d), 46(d). In particular, the *ad damnum* paragraphs seek an "Award"

of "any other relief this Court or *a jury* deems appropriate." ECF 26, ¶¶ 26(e), 32(d), 39(d),

46(d) (emphasis added).

Thereafter, CDC and SPLLC answered the Amended Complaint. ECF 28. But, Roberts

again moved to dismiss. ECF 29. In a Memorandum Opinion (ECF 38) and Order (ECF 39) of

October 23, 2015, I denied the motion as to Count I and granted it as to Counts II, III, and IV.

Roberts then answered the Amended Complaint on November 6, 2015. ECF 42 ("Roberts

Answer").

## II.   Discussion

### A.

Fed. R. Civ. P. 38(a) provides, in part: "The right of trial by jury as declared by the

Seventh Amendment to the Constitution . . . is preserved to the parties inviolate." Pursuant to

Fed. R. Civ. P. 38(b), "a party may demand a jury trial by: (1) serving the other parties with a

written demand—which may be included in a pleading—no later than 14 days after the last

pleading directed to the issue is served . . . ." The right to a jury trial may be waived "unless

[the] demand is properly served and filed." Fed. R. Civ. P. 38(d). *See Wilhelm v. Wilhelm*, 662

F. Supp. 2d 424, 426 (D. Md. 2009) (citing *Gen. Tire & Rubber Co. v. Watkins*, 331 F.2d 192,

195 (4th Cir. 1964)); *see also* WRIGHT, MILLER, KANE, MARCUS, SPENCER, AND STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 2318 (3d ed.) (hereinafter, "WRIGHT & MILLER") ("The right to jury trial preserved by the Seventh Amendment to the Constitution and embodied in Federal Rule 38(a) is not self-enforcing.").

Fed. R. Civ. P. 81(c)(3) is relevant to a jury trial demand when a case has been removed to federal court. Fed. R. Civ. P. 81(c)(3)(A) and (B)(i) and (B)(ii) provide, in part, *id.* (bold and italics in original):

> **(A)** *As Affected by State Law.* A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. . . .
>
> **(B)** *Under Rule 38.* If all necessary pleadings[2] have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after:
> (i) it files a notice of removal; or
> (ii) it is served with a notice of removal filed by another party.

Pursuant to Fed. R. Civ. P. 81(c)(3)(A), a party who has expressly demanded a jury trial in accordance with state law need not renew that demand after removal to federal court. If, however, state law did not require an express jury trial demand, "a party need not make one after removal unless the court orders the parties to do so within a specified time." *Id.*

Maryland Rule 2-325(a) states: "Any party may elect a trial by jury of any issue triable of right by a jury *by filing a demand therefor in writing either as a separate paper* or *separately titled at the conclusion of a pleading and immediately preceding any required certificate of service.*" (Emphasis added). Rule 2-325(b) states: "The failure of a party to file the demand

---

² Under Fed. R. Civ. P. 7(a), a "pleading" is defined as a complaint, answer to a complaint, or if the court so orders, a reply to an answer. *See* Fed. R. Civ. P. 7(a)(1), (2), (7). "To satisfy the requirements of Rule 38(b)(1), if the only pleadings in the case are the complaint and the answer, the demand for jury trial must be served not later than [14] days after service of the answer." WRIGHT & MILLER § 2320.

within 15 days after service of the last pleading filed, by any party directed to the issue constitutes a waiver of trial by jury."

Here, the Complaint (ECF 2) did not include a demand in the form of a "separate paper" or a "separately titled" section at its "conclusion[.]" Therefore, ECF 2 did not satisfy Maryland Rule 2-325(a). In turn, the Complaint did not fall within the ambit of Fed. R. Civ. P. 81(c)(3)(A), because a jury trial had not been requested "in accordance with state law . . . ." Moreover, defendants did not answer the Complaint before they removed the case. ECF 1 at 2, ¶ 3. Therefore, Fed. R. Civ. P. 81(c)(3)(B) is not implicated here.

Rather, the provisions of Fed. R. Civ. P. 38(b) apply. The Ninth Circuit explained in *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1063 (9th Cir. 2005) (Kozinski, J.), that because the defendant "had not filed its answer before it removed the case, [the plaintiff] was entitled to demand a jury trial" under Fed. R. Civ. P. 38(b). *See Vasquez v. Allied Waste, Inc.*, 4:13-CV-05608, 2014 WL 1247417, at *1 (N.D. Cal. Mar. 24, 2014) ("Rule 81(c) only applies where all 'necessary pleadings' have been served prior to removal. If no responsive pleading has been filed prior to removal, Rule 38 applies.") (citing *Mondor v. United States Dist. Court*, 910 F.2d 585, 586 (9th Cir. 1990)). *See generally* WRIGHT & MILLER § 2319 (stating that Fed. R. Civ. P. 81(c) "applies only if all the necessary pleadings have been served in the state court proceeding prior to removal. If they have not, the usual provisions of the Federal Rules, particularly Rule 38(b) . . . govern . . . .").

The Roberts Answer, filed on November 6, 2015 (ECF 42), was the last pleading directed to the Amended Complaint. Therefore, if the Amended Complaint did not contain a prayer for a jury trial, then the deadline under Fed. R. Civ. P. 38(b)(1) to demand a jury trial was November 20, 2015.

Rule 39 is also noteworthy. It provides, in part: "[T]he Court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Notably, "the decision to grant a jury trial pursuant to Rule 39(b) is committed to the discretion of the trial court." *Malbon v. Pennsylvania Millers Mut. Ins. Co.*, 636 F.2d 936, 940 (4th Cir. 1980); *see also Wilhelm*, 662 F. Supp. 2d at 426.

**B.**

Macsherry argues, *inter alia*, that he complied with Fed. R. Civ. P. 38(b) by "request[ing] a jury trial in each of the four wherefore clauses in his Amended Complaint" (ECF 78-1 at 1), and also in his initial Complaint. *Id.* at 2. As noted, Macsherry requested "judgment in favor of Plaintiff" and "any other relief this Court or *a jury* deems appropriate." *See, e.g.*, ECF 26, ¶ 46(d) (emphasis added). Defendants argue that Macsherry has not made a "Rule 38-compliant jury demand." ECF 84 at 1 (internal quotation marks omitted). Moreover, defendants assert that the "only fair reading of this language is that Plaintiff was not demanding a jury, but reserving the right to seek other (unspecified) relief, no matter the makeup of the tribunal." *Id.*

The jury trial demand made by Macsherry in his Amended Complaint must be reviewed under Fed. R. Civ. P. 38. As noted, it states, in relevant part (italics added):

> **(b) Demand.** On any issue triable of right by a jury, a party may demand a jury trial by:
>     **(1)** serving the other parties with a written demand—*which may be included in a pleading*—no later than 14 days after the last pleading directed to the issue is served; and
>     **(2)** filing the demand in accordance with Rule 5(d).[3]
>
> . . .

---

[3] Fed. R. Civ. P. 5(d) governs court filings and states, in relevant part: "A court may, by local rule, allow papers to be filed, signed, or verified by electronic means that are consistent with any technical standards established by the Judicial Conference of the United States." Fed. R. Civ. P. 5(d)(3).

**(d) Waiver; Withdrawal.** A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

Although Fed. R. Civ. P. 38(b)(1) allows a party to demand a jury trial as part of a pleading, such as an amended complaint, the rule's text offers little guidance as to the acceptable form that such a demand may take. *See Lutz*, 403 F.3d at 1063 ("We probe the mysteries of demanding a jury trial under Fed. R. Civ. P. 38(b)."). That issue is central here.

Plaintiff argues that his reference to "a jury" in each of four *ad damnum* paragraphs contained in his Amended Complaint (ECF 26) constitutes a valid demand for a jury trial as to each count. ECF 78-1 at 2. The Fourth Circuit has said that "technical perfection of jury demands is not necessarily required." *Hohman v. Dunning*, 991 F.2d 789 (Table), 1993 WL 127955 at *2 (4th Cir. 1993) (per curiam) (citing *Gargiulo v. Delsole*, 769 F.2d 77, 78-79 (2d Cir. 1985)). But, it does not appear to have addressed the specific issue presented in this case.

Judge Kozinski's opinion for the Ninth Circuit in *Lutz v. Glendale Union High School*, 403 F.3d 1061, is instructive. In *Lutz*, the court considered whether "references to a jury" in a complaint that was removed from state court and later amended were "sufficient to invoke the right to a jury trial in federal court." *Id.* at 1064. The court said, *id.* (emphasis in *Lutz*):

> [Plaintiff's] complaint did not explicitly demand that her case be tried to a jury. However, in her prayer for relief, she requested that the court "[e]nter a Judgment in favor of Plaintiff for such back pay and value of lost employment benefits as may be *found by a jury*." She also requested compensatory damages for pain and suffering in "such amount as may be *awarded by a jury*."

The *Lutz* Court aptly noted that the phraseology was "hardly the ideal way to request a jury trial . . . ." *Id.* But, it noted that a court must "'indulge every reasonable presumption against waiver' of the jury trial right." *Id.* (quoting *Aetna Ins. Co. v. Kennedy ex rel. Bogash*, 301 U.S. 389, 393 (1937)). Accordingly, even "jury demands that fall far short of the

ideal" are nonetheless valid. *Id.* at 1064 (citing *Gargiulo*, 769 F.2d at 78-79).

Put another way, the test is whether the jury demand is "sufficiently clear to alert a careful reader that a jury trial is requested on an issue." *Lutz*, 403 F.3d at 1064. Of importance here, plaintiff need not score an A on the test; even a grade of D is sufficient.

The *Lutz* approach recognizes that the purpose of Fed. R. Civ. P. 38 is to "'inform the Court and counsel well in advance of trial as to the trial method desired.'" *Id.* at 1064-65 (quoting *Gallagher v. Del. & H.R. Corp.*, 15 F.R.D. 1, 3 (M.D. Pa. 1953)). Although the jury trial request in *Lutz* "certainly could have been clearer," the court was satisfied that it was sufficient because plaintiff's desire for a jury trial was made known to the court and to opposing counsel. *Id.* at 1065. Similarly, in *Gargiulo*, 769 F.2d at 78-79, the Second Circuit said: "While defendants' demand, made on the last page of their answer, was not in the preferred style, and its obscure placement perhaps caused the clerk of the court to overlook it, we nonetheless conclude that it complied with Rule 38(b)." *See also Hohman*, 991 F.2d 789 (Table), at *2.

As indicated, Macsherry referred to "a jury" in each of the four *ad damnum* paragraphs following Counts I through IV of his Amended Complaint. ECF 26, ¶¶ 26(e), 32(d), 39(d), 46(d). Specifically, he asked the Court to grant judgment in favor of plaintiff and to "[a]ward Plaintiff Macsherry any other relief this Court or *a jury* deems appropriate." *See, e.g.*, ECF 26 at 11 (emphasis added). Macsherry's inartful request was "sufficiently clear to alert a careful reader that a jury trial is requested on an issue." *Lutz*, 403 F.3d at 1064.

The fact that the Case Information Report accompanying Macsherry's initial Complaint in State court (ECF 2-1) and the Civil Cover Sheet in this Court (ECF 1-1) did not reflect a jury trial is not dispositive. *See Tech. & Supply Mgmt., LLC v. Johnson Controls Bldg. Automation Sys., LLC*, 1:16-cv-303, 2016 WL 9412456, *2 (E.D. Va. Dec. 1, 2016) (concluding that a

-8-

notation on a civil cover sheet does not satisfy the requirements of Fed. R. Civ. P. 38(b)); *DeWitt v. Hutchins*, 309 F. Supp. 2d 743, 754 (M.D.N.C. 2004) (concluding that the "notation on a civil cover sheet . . . is not a substitute for the service of written notice of demand for a jury trial . . . ."). The Civil Cover Sheet and the Case Information Report are not determinative as to whether plaintiff requested a jury trial.[4]

## C.

In the alternative, I shall consider Macsherry's motion for jury trial pursuant to Fed. R. Civ. P. 39(b). *See* ECF 78-1 at 6. Defendants maintain that Macsherry has failed to satisfy the requirements of the rule. *See* ECF 84 at 13-14.

In relevant part, Rule 39(b) states: "**(b) When No Demand Is Made.** Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b) (bold in original). Rule 39(b) "grants the district judge discretion . . . to relax the time requirement prescribed in the rules for demanding a jury trial in order to achieve the goal of substantial justice." WRIGHT & MILLER § 2334; *see also Malbon*, 636 F.2d at 940.

The Fourth Circuit has established a four-factor balancing test to assess whether, in the trial court's discretion, it is proper to grant a motion pursuant to Fed. R. Civ. P. 39(b). *See Malbon*, 636 F.2d at 940 n.11.[5] Those factors (hereinafter, the "*Malbon* factors") include, *id.*

---

[4] The Civil Cover Sheet cautions, ECF 1-1 at 2: "[T]he information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form . . . is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet." And, the Case Information Report states that it "CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE." ECF 2-1 at 1 (text capitalized in original).

[5] Exceptional circumstances may compel the court to exercise its discretion and order a jury trial. *General Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 197 (4th Cir. 1964) ("We recognize the principle, as often enunciated by the courts, that there *may* be exceptional

(internal citations omitted):

> (1) whether the issues are more appropriate for determination by a jury or a judge (i.e., factual versus legal, legal versus equitable, simple versus complex) . . . ; (2) any prejudice that granting a jury trial would cause the opposing party . . . ; (3) the timing of the motion (early or late in the proceedings) . . . ; (4) any effect a jury trial would have on the court's docket and the orderly administration of justice . . . .

Additionally, some courts in the Fourth Circuit have applied a fifth factor: "the reason for the failure to make a timely demand." *Sky Angel U.S., LLC v. Discovery Communications, LLC*, 28 F. Supp. 3d 465, 474 (D. Md. 2014) (applying the *Malbon* factors and the fifth factor) (citing, *inter alia, A Helping Hand, LLC v. Baltimore County, Md.*, 295 F. Supp. 2d 585, 589 (D. Md. 2003)). *Compare A Helping Hand, LLC*, 295 F. Supp. 2d at 589 (applying the *Malbon* factors and the fifth factor) (citing *Wright Mfg., Inc. v. Great Dane Power Equip., Inc.*, DKC-97-2128, 1998 WL 105470, at *1 (D. Md. Jan 8, 1988)), *and Lawrence v. Con-Way Freight, Inc.*, 2:12-cv-2392, 2012 WL 5330984, *2 (S.D.W. Va. Oct. 29, 2012) (applying the *Malbon* factors

---

circumstances present which would appear to compel the court, in the exercise of its discretion, to order a jury trial.") (emphasis added), *cert. denied*, 377 U.S. 952 (1964). But, some courts heave read *General Tire & Rubber Co.* to stand for the proposition that a Rule 39(b) motion is proper *only* when exceptional circumstances are present. *See Smith v. Estes Express*, 3:08-cv-574, 2009 WL 366586, at *1 (E.D. Va. Feb. 12, 2009) ("District courts should grant motions seeking trial by jury only when some exceptional circumstance justifies the party's failure to file a demand in conformance with Fed. R. Civ. P. 38(b)."); *accord Corinthian Mortg. Corp. v. Choicepoint Precision Mktg., LLC*, 1:07-cv-832, 2008 WL 2149383, at *2 (E.D. Va. May 19, 2008) (same).

However, *Malbon, supra*, 636 F.2d 936, post-dates *General Tire & Rubber Co.* by 16 years. It makes no mention of "exceptional circumstances" as a required factor pursuant to a Rule 39(b) motion, and specifically cites *General Tire & Rubber Co.* for the limited proposition that some "issues are more appropriate for determination by a jury [rather than] a judge . . . ." *Id.* at 940 n.11. *See also Mosbriantanha v. Patchlink Corp.*, DKC-2007-0211, 2007 WL 4557851, at *2 (D. Md. Dec. 21, 2007) (Chasanow, J.) (finding that the defendant "misconstrue[d] *General Tire*" by arguing it requires a party moving under Fed. R. Civ. P. 39(b) to show "exceptional circumstances" in favor of that motion). Moreover, *Smith* and *Corinthian Mortg. Corp.* both utilize the balancing test factors articulated in *Malbon*. *See Smith*, 2009 WL 366586, at *1; *Corinthian Mortg. Corp.*, 2008 WL 2149383, at *2. Accordingly, Macsherry need not show exceptional circumstances.

and the fifth factor), *with Yongxin Lu v. Johnson*, CBD-06-1105, 2010 WL 672935, at *3 (D. Md. Feb. 19, 2010) (applying only the four *Malbon* factors), *and Mosbriantanha v. Patchlink Corp.*, DKC-2007-0211, 2007 WL 4557851, at *2 (D. Md. Dec. 21, 2007) (applying only the four *Malbon* factors).

I shall review Macsherry's Motion under each of the five factors.

The first *Malbon* factor asks "whether the issues are more appropriate for determination by a jury or a judge." *Malbon*, 636 F.2d at 940 n.11. Macsherry argues, *inter alia*, that this case has many significant factual disputes which are best decided by a jury. ECF 78-1 at 7-8. This is especially true, Macsherry argues, because the credibility of witnesses will be at issue in this case. *Id.* at 8. Defendants argue that the contract-related issues in this case are "legal" in nature and therefore are not suited for a jury's consideration. ECF 84 at 15.

I agree with Macsherry that this case presents many significant issues of fact that are properly tried before a jury. *See* ECF 73. Moreover, a jury is capable of considering and weighing evidence pertaining to the contract issues, such as, *inter alia*, whether the parties agreed upon a commission payable to plaintiff as part of a compensation package. Accordingly, the first *Malbon* factor weighs in favor of granting Macsherry's Fed. R. Civ. P. 39(b) motion.

The second *Malbon* factor inquires as to "any prejudice that granting a jury trial would cause the opposing party." *Malbon*, 636 F.2d at 940 n.11. Macsherry contends that because the credibility of witnesses will be paramount in the determination of this case, and because a jury is best suited for the task of determining witness credibility, defendants will not be prejudiced by a jury trial. ECF 78-1 at 8. Defendants counter that, since November of 2014, they "have prepared, planned, and budgeted for this case to proceed as a bench trial." ECF 84 at 18. Additionally, defendants argue that a jury trial will likely "require more resources" (*id.* at 16),

and that they have been prejudiced by the mere fact of having to respond to Macsherry's Motion. *Id.* at 17.

I cannot discern any prejudice to defendants. In the first instance, a careful reading of the Complaint filed in State court alerted the defense to the potential for a jury trial. And, as early as January 2016, in a joint status report (ECF 43), the parties notified the Court of their disagreement as to whether plaintiff had properly requested a jury trial, and added: "Motions practice may be required to resolve the dispute." *Id.* at 43, ¶ 3. This means that, even before the submission of the status report, defendants were on notice of the potential issue for purposes of budgeting and trial strategy.

Moreover, in ECF 47, filed March 4, 2016, plaintiff sought to amend the complaint again, seeking, *inter alia*, to clarify the demand for jury trial. *See* ECF 47; 47-3 at 1-2. By Memorandum Opinion and Order of October 28, 2016 (ECF 55; ECF 56), I addressed several issues as to plaintiff's motion to amend. *See* ECF 47. I specifically declined to address the jury trial issue in the context of the motion to amend. ECF 55 at 21-22. Again, defendants were aware of the unresolved issue.

The third *Malbon* factor looks to "the timing of the motion" and considers whether that motion was made "early or late" in the proceedings. *Malbon*, 636 F.2d at 940 n.11. Defendants argue that because Macsherry did not file the Motion until some three years after he filed the suit in State court, the Motion is untimely. ECF 84 at 19-20. Of course, defendants' argument proceeds on the assumption that Macsherry's Complaint (ECF 2) and Amended Complaint (ECF 26) did not contain valid requests for trial by jury at the outset. Because Macsherry believed he had adequately prayed a jury trial (ECF 78-1 at 2), he had no reason to file a Rule 39(b) Motion. And, by the time the Joint Status Report was filed on January 29, 2016 (ECF 43), defendants

agreed that "[m]otions practice may be required to resolve the dispute." ECF 43, ¶ d.

By Memorandum Opinion of October 28, 2016 (ECF 55 at 21-22), I concluded that the question of whether plaintiff timely demanded a jury trial was not properly resolved in the context of a motion to amend the Amended Complaint. *Id.* at 22. During the Court's status conference with counsel on August 16, 2017, the issue was discussed. At that time, in order to frame the dispute, the Court directed plaintiff to file a motion for jury trial by September 11, 2017. ECF 74. Plaintiff complied. ECF 78. Given the circumstances of this case, the third factor does not weigh in defendants' favor.

The fourth *Malbon* factor pertains to "any effect a jury trial would have on the court's docket and the orderly administration of justice." *Malbon*, 636 F.2d at 940 n.11. Macsherry correctly points out that this case is already scheduled as a jury trial. ECF 76 at 1; ECF 78-1 at 8. Defendants argue that a jury trial will take more of the Court's time and use more of the Court's resources by requiring, for example, the marshaling of a jury pool. ECF 84 at 20-21.

Although it is true that a jury trial may consume more time than a bench trial, a jury trial will not improperly disrupt the Court's docket. For these reasons, the fourth *Malbon* factor weighs in favor of granting Macsherry's Motion.

The fifth factor that is sometimes applied by district courts in the Fourth Circuit concerns "the reason for the failure to make a timely demand." *See, e.g., Sky Angel U.S., LLC*, 28 F. Supp. 3 at 474. Indeed, the considerations required of this factor overlap somewhat with those of *Malbon's* third factor, which questions the timing of a Fed. R. Civ. P. 39(b) motion. *Malbon*, 636 F.2d at 940 n.11. Defendants urge denial of Macsherry's Motion because of his delay in filing it. ECF 84 at 21-22. And, defendants argue that inadvertence is not a proper reason for delay. *Id.* But, Macsherry maintains that he "has always considered his demand for a jury trial

to have been timely made in his Amended Complaint (ECF 26)." ECF 78-1 at 8. If so, a motion was unnecessary. In any event, he argues that any imperfection in his jury trial request is not a proper ground to deny the Motion as to Fed. R. Civ. P. 39(b). *Id.* at 8-9.

As noted, Macsherry's demand for "a jury" in the *ad damnum* paragraphs of his Complaint and Amended Complaint are by no means exemplary. As inartful as his requests may have been, they do not amount to his failure to request a jury trial. And, for the reasons set forth earlier, he was not dilatory in raising the issue. Accordingly, I find that the fifth factor weighs in Macsherry's favor.

### III. Conclusion

Macsherry's request for a jury trial was hardly exemplary. But, for the foregoing reasons, I conclude that Macsherry adequately requested a trial by jury, pursuant to Fed. R. Civ. P. 38(b). And, even assuming that Macsherry failed to request a trial by jury, I am satisfied that he is entitled to a trial by jury under Fed. R. Civ. P. 39(b) as to all claims triable by a jury. Accordingly, I shall grant plaintiff's Motion.

An Order follows, consistent with this Memorandum Opinion.

Date: November 17, 2017                                         /s/
                                                    Ellen Lipton Hollander
                                                    United States District Judge

-14-