IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN H. MACSHERRY, JR.,
   *Plaintiff*,

v.                                Civil Action No. ELH-15-022

SPARROWS POINT, LLC, *et al.*,
   *Defendants*.

**MEMORANDUM**

This case has a long history, arising from a dispute as to a commission allegedly due and owing to plaintiff John Macsherry, Jr., occasioned by the sale of commercial property. Defendants Michael Roberts; Sparrows Point, LLC ("SPLLC"); and Commercial Development Company, Inc. ("CDC") dispute plaintiff's entitlement to a commission.[1]

Two motions in limine are now pending. "A motion *in limine* is a request for guidance by the court regarding an evidentiary question." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984). Motions in limine help to streamline a case, because such motions "enable[] a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial.'" *INSLAW, Inc. v. United States,* 35 Fed. Ct. 63, 65-66 (1996) (citation omitted). To be sure, rulings on such motions assist counsel in preparation for trial. However, such rulings are preliminary, and are made in the discretion of the court. *Luce*, 713 F.2d at 1239-40. When the evidence is actually offered at trial, the trial court may opt to change its ruling. *Id*. at 1239.

Plaintiff has filed a motion in limine (ECF 90), seeking an order designating that "the terms of Macsherry's employment concerning his start date, vacation, holidays and expense

---

[1] In a Memorandum Opinion of August 3, 2017 (ECF 71), the Court set forth a detailed factual summary. To the extent relevant, I incorporate that factual summary here.

reimbursement as set forth in the Term Sheet . . . are established for purposes of this action." *Id.* at 1. The motion is supported by exhibits. Defendants oppose the motion (ECF 92), and the opposition is also supported by exhibits. No reply was filed.

Defendants have filed a motion in limine to exclude "compromise" statements of Mr. Roberts, pursuant to Fed. R. Evid. 408. ECF 91. The motion is supported by exhibits. Plaintiff opposes the motion (ECF 93), supported by exhibits. Defendants have replied (ECF 96) and have submitted an additional exhibit.

No hearing is necessary to resolve these motions. Local Rule 105.6. I shall discuss each motion, in turn.

## I. Plaintiff's Motion

### A.

Defendant Michael Roberts was deposed on behalf of himself and as the Rule 30(b)(6) corporate designee of defendants. At his deposition on December 2, 2015, Roberts was unable to testify to certain items that had been identified in the Rule 30(b)(6) notice. *See* ECF 90-3.

In particular, Item 5 of the Rule 30(b)(6) notice provided, ECF 90-3 at 11:

> The employment of Plaintiff, including but not limited to position, full or part time, start date, duties, employment agreement . . . salary, commission and how it was to be calculated and paid, health benefits, vacation time, holidays, expense reimbursements, company cell phone, and the marketing and sale of the Property . . . .

Despite the notice, Mr. Roberts was unable to answer rather basic employment information concerning Mr. Macsherry, such as his "start date"; his vacation time; his paid holidays; and his entitlement to reimbursement for expenses. *See* ECF 90 at 3-5[2]; ECF 90-4.

---

[2] The Court cites to the electronic pagination, which does not always correspond to the page number on a particular submission.

However, after the deposition, plaintiff never requested another corporate designee, nor did he file a motion to compel testimony. Discovery closed on January 29, 2016. ECF 36.

On April 21, 2016, plaintiff's counsel sent a detailed and lengthy letter to defense counsel regarding "an apparent discovery dispute . . . ." *See* ECF 92-1. The letter concerned defendants' responses to plaintiff's request for admissions. *Id.*; *see* ECF 92-9. According to plaintiff, the responses did not comply with Fed. R. Civ. P. 36. Plaintiff's attorney pointed out in the letter that, if the parties did not resolve the disputed issues, he "will have no choice but to seek relief from the Court." ECF 92-1 at 11. Counsel agreed to meet in an attempt to resolve the disputes. *See* ECF 92-7.

In a letter from defense counsel to plaintiff's counsel dated April 29, 2016, defense counsel claimed that plaintiff had "waived any right to challenge the deficiency of Defendants' corporate designee testimony by failing to request that either SPLLC or CDC (or both) make a second corporate designee available to address the topics [that plaintiff] now contend[s] was not fully answered." ECF 92-6 at 2. Defense counsel pointed out that plaintiff failed to file a motion to compel any allegedly inadequate testimony," as required by the Local Rules and Fed. R. Civ. P. 30 and 37. *Id.* at 3.

**B.**

A designee who is not responsive to a notice of deposition, claiming lack of knowledge or only limited knowledge, may be subject to sanctions. *Wilson v. Lanker*, 228 F.R.D. 524, 529-30 (D. Md. 2005). Moreover, Rule 30(b)(6) requires a good faith effort "'to collect information, review documents, and interview employees with personal knowledge.'" *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 685 (D. Md. 2012) (citation omitted). And, depending on the "nature and extent of the obfuscation, the testimony given by [a] nonresponsive deponent

3

(*e.g.*, 'I don't know') may be deemed 'binding on the corporation' so as to prohibit it from offering contrary evidence at trial." *Wilson*, 228 F.R.D. at 530.

Fed. R. Civ. P. 37(a) is also pertinent here. It pertains to failure to make disclosures or to cooperate in discovery, as well as sanctions. Rule 37(a)(3)(B) provides, in part: "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31 . . . ."

Rule 37(b) pertains to sanctions that may result from failure to comply with a court order. Under certain circumstances, if a party or a witness who is "designated under Rule 30(b)(6)" then "fails to obey an order to provide or permit discovery," the court may, *inter alia*, issue an order "directing that the matters embraced in the order . . . be taken as established for purposes of the action . . . ." Rule 37(b)(2)(A)(i).

As defendant observes, if plaintiff believed that Rule 30(b)(6) had been violated, he could have requested a new deponent, moved to compel, and sought sanctions. *See Coryn Group II, LLC v. O.C. Seacrets, Inc.*, 265 F.R.D. 235, 238-40 (D. Md. 2010) (Gauvey, M.J.). Because plaintiff failed to pursue any of these avenues, I am satisfied that plaintiff is not entitled to the relief he seeks.[3]

## II. Defense Motion

### A.

Defendants seek to preclude plaintiff from offering testimony regarding plaintiff's telephone conversation with Michael Roberts on September 25, 2014. During that conversation, Roberts

---

[3] At trial, the testimony of the designee may be binding on the business entities. To the extent that defendants disagree, the parties should be prepared to address this issue at trial.

allegedly stated: "I know we owe you a commission, but we want to negotiate it. What will you take[?]." ECF 64-4 at 23 (citing Deposition Transcript at 236).

Defendants dispute the assertion that Roberts ever made this statement or one similar to it. Indeed, Roberts vigorously maintains that he never agreed to pay plaintiff a commission of any kind. *See, e.g.*, ECF 59-3, ¶ 16. In any event, defendants maintain that, even if the statement were made, plaintiff should not be permitted to introduce it at trial.

In support of their motion, defendants rely on Fed. R. Evid. 408, which generally excludes from evidence offers of compromise and statements made during the course of settlement negotiations for the purpose of proving or disproving the validity or amount of the disputed claim. Defendants insist that Roberts's statements were made during an attempt to arrive at a compromise with respect to Macsherry's claim of entitlement to a commission. ECF 91 at 3. They claim that, at the time of the alleged statements, there was a disputed claim and therefore the statement falls within the scope of Rule 408. *Id.* at 8.

Conversely, plaintiff insists that, at the point of time that the call occurred on September 25, 2014, no dispute had arisen between the parties so as to bar admission of Roberts's statements. ECF 93 at 4.

Rule 408 is titled "Compromise Offers and Negotiations." It provides:

> **(a) Prohibited Uses.** Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> > (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and
>
> > (2) conduct or a statement made during compromise negotiations about the claim—except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

**(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

The 1972 Advisory Committee Note to Rule 408 indicates that settlement negotiations and agreements are inadmissible for two reasons: "(1) The evidence is irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position. . . . (2) [P]romotion of the public policy favoring the compromise and settlement of disputes."

The Fourth Circuit has recognized the public policy considerations at issue. In *Fiberglass Insulaters, Inc. v. Dupuy*, 856 F.2d 652, 654 (4th Cir. 1988), it said: "The public policy of favoring and encouraging settlement makes necessary the inadmissibility of settlement negotiations in order to foster frank discussions." *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007) ("[T]he threat of discovery expense will push cost-conscious defendants to settle even anemic cases."); *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civil Action No. DKC 10-3517, 2011 WL 3476994, at *9 (D. Md. Aug. 8, 2011) ("[P]arties settle for a myriad of reasons too numerous to describe in detail here. . . . As one court recognized more than one hundred years ago, '[i]t costs time, trouble and money to defend even an unfounded claim. Parties have a right to purchase their peace.'") (quoting *Ga. Ry. & Elec. Co. v. Wallace & Co.*, 50 S.E. 478, 480 (Ga. 1905)).

A determination of whether a statement falls within the protection of Rule 408 is a matter for the court, in accordance with Rule 104(a). *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1354 (11th Cir. 2011); *Stack v. Abbott Laboratories, Inc.*, 12-148, 2016 WL 6304729, at *4 (M.D.N.C. Oct. 27, 2016); *see, e.g.*, *Chasney and Company, Inc. v. Hartford Accident & Indemnity Co.*, JKB-14-2148, 2016 WL 386218 (D. Md. Feb. 2, 2016). *See also* Michael Graham, HANDBOOK OF FEDERAL EVIDENCE (7th Ed. 2016), at 152. And, the party

seeking to exclude the evidence "bears the burden of proving there was a dispute sufficient to trigger Rule 408." *Stack*, 2016 WL 6304729, at *4.

Notably, "Rule 408's prohibition does not come into play merely because the party offers the evidence to prove the validity of a claim. Statements must have been made or the conduct must have occurred at a time when there was a real controversy over the validity or the amount of the claim." *Stack*, 2016 WL 6304729, at *3; *see also Bituminous Constr., Inc. v. Rucker Enterprises, Inc.*, 816 F.2d 965, 968 (4th Cir. 1987) (stating that Rule 408 applies with regard to offers to compromise "disputed claims"). Certainly, "the exclusionary provision of Rule 408 is not dependent on the threat of litigation . . . ." *Stack*, 2016 WL 6304729, at *3. But, "it is dependent on the existence of a dispute." *Id.* (citing *United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 390 (4th Cir. 2015) (Wynn, J., concurring)); *see Wing v. Tyson Foods,* 665 F.3d 958, 965 (8th Cir. 2011); *ECEM European Chem. Mktg. B.V. v. Purolite Co.*, 451 Fed. App'x 73, 77 (3d Cir. 2011). And, of import here, "[e]vidence of mere business negotiations made before such a dispute arises is admissible." *Stack*, 216 WL 6304729, at *4.

**B.**

On September 9, 2014, with the impending closing on the sale of the subject property, Macsherry emailed Rebecca Lydon, CDC's Chief Operating Officer (ECF 59-1 at 13), and provided her with a copy of the "Term Sheet," which he claims is the operative contract *See* ECF 54-15; ECF 59-18. That same day, plaintiff emailed Lydon to follow up. She did not respond. Instead, Lydon sent an email to Michael Roberts; his brother Tom Roberts; and other associates of the defendant business entities, in which she said: "John MacSherry [sic] is trying to get ahold of me – I am NOT returning the call, just so you know." ECF 64-16 at 2. Lydon acknowledged at her deposition that she did not want to return plaintiff's call on September 9, because she "knew he was looking for a commission . . . ." ECF 54-6 (Tr. p.134).

7

The sale of the property closed on September 17, 2014. ECF 91 at 2; ECF 59-3, ¶ 19. That corresponded to the date of Macsherry's termination. *Id.*

Shortly after the closing, Macsherry placed several phone calls to Roberts, left him voice mail messages, and sent emails to him. *See, e.g.*, ECF 59-19. For example, on September 19, 2014, plaintiff sent an email to Mr. Roberts, advising that he had left voice mail messages, and he asked Mr. Roberts to call him. ECF 59-19 at 2.

At his deposition, Mr. Roberts conceded that, by September 19, 2014, he "had still not returned Mr. Macsherry's call regarding his entitlement or [Roberts's] position" with respect to "a commission." ECF 93-2 at 3 (Tr. p. 213). Notably, Roberts could not recall why he failed to return Mr. Macsherry's phone call. *Id.* Indeed, it was not until September 25, 2015, that Macsherry spoke to Roberts.

The foregoing makes clear that defendants were attempting to *avoid* plaintiff. That flies in the face of any notion of a dispute.

Although the defense denies that Roberts made the alleged statements, the defendants do not dispute that the telephone call in issue took place on September 25, 2014. Roberts conceded at his deposition that September 25, 2014, was the first time he spoke to Macsherry about the employment agreement. ECF 93-2 (Tr. p. 215-216). Roberts recalled that he and plaintiff spoke "probably two times." ECF 93-2 at 4 (Tr. p. 217). The conversation occurred after Mr. Macsherry sent a copy to Roberts of what plaintiff contends is the employment agreement.

Based on evidence produced by the defense, Macsherry had not received any communication as to his request for a commission on the Sparrows Point property as of the time he spoke to Michael Roberts on September 25, 2014. In my view, at the time of that phone call, there was no dispute between the parties within the parameters of Rule 408. On this basis, the motion lacks merit.

Maryland's Wage Payment and Collection Law ("WPCL"), Md. Code (2008 Repl. Vol.), § 3-501 *et seq.* of the Labor and Employment Article is also relevant. Under that statute, an employee may file suit to recover wages unlawfully withheld by the employer.

Enhanced damages are available to an employee under certain circumstances. But, a factfinder may award enhanced damages only if it finds that the employee's wages were withheld without a bona fide dispute. *Programmers' Consortium, Inc. v. Clark*, 409 Md. 548, 563, 976 A.2d 290, 299 (2009). A "bona fide dispute" is "a legitimate dispute over the validity of the claim or the amount that is owing," where the employer has a good faith basis for refusing an employee's claim for unpaid wages. *Admiral Mort., Inc. v. Cooper*, 357 Md. 533, 543, 745 A.2d 1026, 1031 (2000); *see also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 657, 97 A.3d 621, 647 (2014).

Even assuming that the conversation of September 25, 2014, is barred from admission in plaintiff's case-in-chief, plaintiff's evidence as to the alleged conversation would be admissible in rebuttal, to refute a defense that the commission was withheld based on a bona fide dispute.

## III.

For the foregoing reasons, both motions in limine shall be denied. The Court's ruling is preliminary, however, and subject to the presentation of evidence consistent with the exhibits that have been cited herein.

An Order follows.

Date:  March 1, 2018                         /s/
                                             Ellen L. Hollander
                                             United States District Judge