```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
                    (Northern Division)
```

JOHN H. MACSHERRY, JR.,

    Plaintiff,

v.                                       Civil Action No. 1:15CV22
                                                      (STAMP)

SPARROWS POINT, LLC,
COMMERCIAL DEVELOPMENT
COMPANY, INC. and
MICHAEL ROBERTS,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>REGARDING OBJECTIONS TO PROPOSED EXHIBITS</u>**

The defendants Sparrows Point, LLC ("SPLLC"), Commercial Development Company, Inc. ("CDC"), and Michael Roberts ("Roberts"), (collectively, "defendants"), in the above-styled civil action have filed objections to certain of the plaintiff's proposed exhibits (ECF No. 115). The plaintiff, John H. Macsherry, Jr., ("Macsherry"), has filed responses to the defendants' objections (ECF No. 133).[1]

The trial in this civil action is scheduled to commence on July 5, 2018. This Court will address the defendants' objections to exhibits and plaintiff's responses to objections and set forth its findings, as discussed below.[2]

---

[1] For a more thorough background of this civil action, see ECF No. 71.

[2] This Court notes that plaintiff did not file objections to defendants' proposed exhibits. Therefore, those exhibits are

1. <u>Defendants' Objections to the "Term Sheets" - (Plaintiffs Exhibits 10, 22, and 30, and Plaintiff's Exhibits 15, 16, 29, 44, 45) - OVERRULED</u>

Plaintiff intends to offer two redlined term sheets (Exhibits 10 and 30), and an earlier version (Exhibit 22), all of which plaintiff alleges he received via email from defendants while the parties were negotiating the terms of plaintiff's employment. Defendants object to the admission into evidence of plaintiff's Exhibits 10, 22 and 30 (hereinafter, the "term sheets"), under the rule of completeness under Federal Rule of Evidence 106, the best evidence rule under Federal Rule of Evidence 1002, the rule against hearsay under Federal Rule of Evidence 802, and as unfairly prejudicial and misleading under Federal Rule of Evidence 403. Defendants also contend "Exhibits 15, 16, 29, 44, and 45 are similarly inadmissible in that they are emails from Plaintiff forwarding one of Exhibits 10, 22, or 30." ECF No. 115 at 1.

In response, plaintiff argues that defendants misread Federal Rule of Evidence 106 in making their "rule of completeness argument," in arguing that these exhibits are "incomplete" because the emails to which the term sheets were attached cannot be found. Further, plaintiff asserts, assuming plaintiff offers testimony concerning the content of the emails, defendants' best evidence argument also fails because it does not apply. ECF No. 133 at 5.

---

deemed admitted.

Lastly, plaintiff asserts that the term sheets are the statements of a party opponent and, therefore, are not hearsay. Alternatively, plaintiff argues they are business records and admissible pursuant to Federal Rule of Evidence 803(6).

Federal Rule of Evidence 106 provides, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Further, Federal Rule of Evidence 901 provides, generally, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

This Court finds that the rule of completeness does not preclude the admission of these exhibits and that the defendants' argument is misplaced. The rule of completeness does not prohibit admission of documents that are incomplete. See United States v. Phillips, 543 F.3d 1197, 1203 (10th Cir. 2008) ("Rule 106 does not prohibit admission of an incomplete document. Instead, it allows the party against whom the document is introduced to place the remainder in evidence without additional evidentiary foundation." (citing Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 171 (1988))). Rather, this rule applies to any other part — or any other writing

or recorded statement — that in fairness ought to be considered at the same time as all or part of a writing or recorded statement introduced by another party. Fed. R. Evid. 106. At this time, this Court is tentatively of the opinion that there should be no testimony as to what the missing emails said, as it would be speculative and possibly hearsay. If the parties intend to offer testimony as to what the missing emails said, they should be prepared to meet and confer prior to trial and make a proffer for the Court's consideration.

Additionally, this Court finds that the best evidence rule is not implicated and that the term sheets may satisfy the requirements of Federal Rule of Evidence Rule 803(6) as a record of a regularly conducted activity, assuming the plaintiff can prove the elements of admissibility under that rule. It is plaintiff's contention that these term sheets "form the basis of the contract that is at issue in this case." ECF No. 133 at 6. "[C]ommunications between the parties to a contract that define the terms of a contract, or prove its content, are not hearsay, as they are verbal acts or legally operative facts." Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 566 (D. Md. 2007). Upon review, this Court finds that these exhibits are admissible over defendants' objection subject to connection by witness testimony and satisfaction of the requirements of the Rules of Evidence. Accordingly, the defendants' objections to plaintiff's Exhibits 10,


22, and 30, and plaintiff's Exhibits 15, 16, 29, 44, 45 are OVERRULED.[3] The Court will consider a limiting or cautionary instruction to the jury in connection with these exhibits, and a party should submit such an instruction to the Court prior to trial.

2. <u>Defendants' Objections to the "Employment Exhibits" (Plaintiff's Exhibits 11, 38, 39, 40, 64, and 65) - OVERRULED AS FRAMED</u>

The plaintiff proposes to introduce several documents including a news article, employment correspondence and statements, and letters from officials at the Maryland Department of Transportation State Highway Administration, which relate to his alleged employment with the defendant. Defendants object to the admission of these exhibits into evidence on the ground that they contain inadmissible hearsay and are ostensibly to be offered to prove the truth of the allegation of plaintiff's employment by the defendant CDC. ECF No. 115.

In response, plaintiff argues that the purpose for offering these exhibits into evidence is to prove that plaintiff was performing his job duties under the terms of his employment agreement that is the subject of this case. ECF No. 133 at 9.

---

[3] This Court notes that it may require plaintiff to make a proffer to the Court on the record at trial as to what steps were taken to search for the emails that the term sheets were attached to when they were sent to plaintiff which were not produced during discovery by either party in this civil action.

5

Further, plaintiff argues that "[a]lternatively, in the event the Court finds that Exhibits 11, 38, 39, 40, 64 and 65 fall within the definition of hearsay, they are, nonetheless, admissible under the business records exception to the rule. Fed. R. Evid. 803(6)." ECF No. 133 at 9.

An out-of-court statement that is offered "to prove the truth of the matter asserted in the statement" is inadmissible. Fed. R. Evid. 801(c), 802. However, this Court finds that these exhibits are being offered, according to plaintiff, merely to prove that plaintiff was engaged in performing his required duties under his alleged contract with the defendants and that defendants had notice of this performance, making them non-hearsay under Federal Rule of Evidence 801(c)(2). Further, this Court finds that the exhibits at issue may satisfy the requirements of Federal Rule of Evidence Rule 803(6) as a record of a regularly conducted activity.[4]

---

[4] If offered as a business record, plaintiff will still have to show that he has met the requirements of the business record exception under Rule 803(6) as follows: (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 803(6).

Upon review, this Court finds that these exhibits are sufficiently relevant to a determination of plaintiff's alleged employment by defendant CDC, and are admissible over defendants' objection subject to connection by witness testimony and satisfaction of the requirements of rules of evidence. Accordingly, the defendants' objections to plaintiff's Exhibits 11, 38, 39, 40, 64, and 65 are OVERRULED AS FRAMED. The Court will consider a limiting or cautionary instruction to the jury in connection with these exhibits, and a party should submit such an instruction to the Court prior to trial.

3. <u>Defendants' Argument Regarding Waiver to Challenge Admissibility, Authenticity of Plaintiff's Exhibits – DENIED</u>

Defendants assert the argument that they have not waived their right to challenge the admissibility of the foregoing exhibits and that "at all relevant times during this litigation, Defendants have objected to the authenticity of the Term Sheets." ECF No. 115 at 4-5. In response, plaintiff contends that certain of defendants' objections had been waived due to responses to request for admission in which certain documents were admitted to be "genuine." ECF No. 115 at 5. In the alternative, defendants argue, "even if this Court was to find that CDC and SPLLC's admission to the genuineness of an exhibit was tantamount to conceding the authenticity or admissibility of the exhibit, CDC and SPLLC

respectfully request leave to amend their responses." ECF No. 115 at 5.

Upon review, this Court finds that defendants CDC and SPLLC "admitted" to the authenticity of certain exhibits and that certain documents were "genuine" in accordance with Federal Rule of Civil Procedure Rule 36 in their responses to plaintiff's requests for admissions. This Court also finds that defendant Roberts, however, elected to deny all of plaintiffs requests for admission that the identified documents were "a true, accurate and complete duplicate copy of [His] business record." ECF No. 133 at 10. Thus, the plaintiff should be prepared to present evidence to authenticate exhibits as to defendant Roberts at trial.

However, this Court notes that "authentication" is not the same as "admissibility," and will consider argument by defendants at trial as to the admissibility of other proposed exhibits offered by the plaintiff and not ruled upon above. As to defendants' request for leave to amend their answers, this Court finds that such a request is untimely and such relief would be unfairly prejudicial. Accordingly, defendants' request for leave to amend their answers is denied.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     June 29, 2018

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE