IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

JOHN H. MACSHERRY, JR.,

      Plaintiff,

v.                               Civil Action No. 1:15CV22
                                             (STAMP)

SPARROWS POINT, LLC,
COMMERCIAL DEVELOPMENT
COMPANY, INC. and
MICHAEL ROBERTS,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' RULE 50 MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL, GRANTING IN PART AND DENYING IN PART AS FRAMED DEFENDANTS' RULE 59 MOTION TO ALTER OR AMEND THE JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL ON DAMAGES, AMENDING THE JUDGMENT ORDER AND STAYING SUA SPONTE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

### I.  Introduction

Pursuant to Federal Rule of Civil Procedure Rule 50 and Federal Rule of Civil Procedure Rule 59, defendants in the above-styled civil action, Sparrows Point LLC ("SPLLC"), Commercial Development Company, Inc. ("CDC"), and Michael Roberts ("Roberts") (collectively, "defendants"), move for judgment notwithstanding the verdict or, in the alternative, for a new trial (ECF No. 170), and also move, in the alternative, to alter or amend the judgment or, in the alternative, for a new trial on damages (ECF No. 171).

Upon review of the fully briefed motions and the contentions of the parties, and for the reasons that follow, defendants' Rule 50 post-trial motion for judgment notwithstanding the verdict, or in the alternative, for a new trial (ECF No. 170) is denied, and defendants' Rule 59 post-trial motion to alter or amend the judgment, or in the alternative, for a new trial on damages (ECF No. 171) is granted in part and denied in part as framed.

## II.  Background

John Macsherry, Jr., plaintiff, filed suit against defendants to recover a commission of $825,000.00 allegedly owed to him in connection with the sale of commercial property located at the Sparrows Point peninsula in Baltimore County, Maryland for $110,000,000.00.  This civil action went to trial and the underlying facts are set forth in detail in this Court's memorandum opinion and order denying defendants' motion for summary judgment and plaintiff's cross-motion for partial summary judgment.  See ECF No. 71.

The first amended complaint (ECF No. 26), plaintiff's operative pleading, includes claims for violation of Maryland's Wage Payment and Collection Law ("MWPCL") (Count I), Md. Ann. Code Lab. & Empl. §§ 3-501 et seq., breach of contract (Count II), promissory estoppel (Count III), and quantum meruit/unjust enrichment (Count IV)against all parties.  See ECF No. 26.

Following defendant Roberts' motion to dismiss plaintiff's first amended complaint (ECF No. 29), only the MWPCL claim remained pending against him at trial. See ECF No. 38. All claims remaining against Roberts, SPLLC and CDC were tried before a jury from July 5, 2018 through July 13, 2018. Defendants moved for summary judgment prior to trial and, pursuant to Rule 50, moved for judgment during trial after plaintiff's case-in-chief, and again after the close of evidence. Defendants' motions were denied.

At the conclusion of a seven-day trial, the jury returned a verdict for the plaintiff. ECF No. 158. Defendants now renew their motions and contend that they are entitled to judgment on all claims. In the alternative, if this Court declines to grant judgment on defendants' motion notwithstanding the verdict pursuant to Rule 50, defendants also move pursuant to Rule 59. The post-trial motions now before this Court (ECF Nos. 170, 171) were filed by defendants following entry of the clerk's order of judgment (ECF No. 160) on the jury's verdict. This Court entered an order granting the parties' joint proposed order to extend the time for plaintiff to respond to defendants' post-trial motions to September 7, 2018, and for defendants to file replies to plaintiff's responses to October 5, 2018. ECF No. 173.

Additionally, upon consideration of defendants' motion to stay enforcement of judgment pending the disposition of post-trial motions (ECF No. 162), plaintiff's response in opposition (ECF No.

168), and defendants' reply (ECF No. 176), this Court entered an order confirming ruling in previous order (ECF No. 175) granting in part and denying in part defendants' motion to stay execution of judgment pending the disposition of post-trial motions and directing defendants to post bond. ECF No. 181. The fully briefed motions are now ripe for decision.

III. <u>Standard of Review</u>

A. <u>Legal Standard for Rule 50 Motion</u>

Federal Rule of Civil Procedure Rule 50 permits a court to enter judgment as a matter of law where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "Judgment as a matter of law is properly granted if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." <u>Russell v. Absolute Collection Servs., Inc.</u>, 763 F.3d 385, 391 (4th Cir. 2014) (internal quotation marks omitted). On a renewed motion for judgment as a matter of law, the court considers whether the jury's findings are supported by substantial evidence. <u>Konkel v. Bob Evans Farms, Inc.</u>, 165 F.3d 275, 279 (4th Cir. 1999). In entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. <u>Reeves v. Sanderson Plumbing Prod., Inc.</u>, 530 U.S. 133, 150 (2000). In

4

reviewing the evidence, the court may not weigh the evidence or make credibility determinations, but must view the evidence in the light most favorable to the nonmoving party.  <u>Id.</u>; <u>Fontenot v. Taser Int'l, Inc.</u>, 736 F.3d 318, 332 (4th Cir. 2013).

Pursuant to Federal Rule of Civil Procedure 50(b):

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion.  No later than 28 days after the entry of judgment — or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged — the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.  In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b).

In considering a Rule 50(b) motion, the district court is to determine whether a jury, viewing the evidence in the light most favorable to the non-movant, could have properly reached the conclusion it did.  <u>Bryant v. Aiken Reg'l Med. Ctrs. Inc.</u>, 333 F.3d 536, 543 (4th Cir. 2003).

B.  <u>Legal Standard for Rule 59 Motion</u>

Rule 59(a) of the Federal Rules of Civil Procedure provides courts with discretion, after a jury trial, to grant a new trial on all or some of the issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A).  A court may grant a new trial only if

the verdict: (1) is against the clear weight of the evidence; (2) is based upon false evidence; or (3) "will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996). The first two grounds for a new trial require the court to make factual determinations, while the third ground requires a policy analysis under which the "judge's unique vantage point and day-to-day experience with such matters lend expertise." Id. The decision to grant or deny a new trial is within the sound discretion of the district court, and the appellate court will respect that determination absent an abuse of discretion. Id.

Under Rule 59(a) of the Federal Rules of Civil Procedure, a court may order a new trial nisi remittitur if it "concludes that a jury award of compensatory damages is excessive." Jones v. Southpeak Interactive Corp. of Delaware, 777 F.3d 658, 672 (4th Cir. 2015) (internal quotation marks omitted). A court should order a new trial nisi remittitur if "the jury's verdict is against the weight of the evidence or based on evidence which is false." Sloane v. Equifax Info. Servs., LLC, 510 F.3d 495, 502 (4th Cir. 2007) (internal quotation marks omitted). Whether to grant such a new trial is "entrusted to the sound discretion of the district court." Id. (internal quotation marks omitted).

As to Rule 59(e), the Rules of Civil Procedure provide several methods by which judgments may be re-examined. Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007). One vehicle is a motion to alter or amend under Rule 59(e). Id. The purpose of Rule 59(e) is to "permit a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d, 403 (4th Cir. 1998) (citation and internal quotations omitted), cert. denied, 525 U.S. 1104 (1999). Rule 59(e) motions will be granted in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006) (citing Pac. Ins. Co., 148 F.3d at 403). It is usually viewed as an extraordinary remedy that should be applied sparingly. EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

This Court notes that traditionally, decisions on "questions of law" are "reviewable de novo," decisions on "questions of fact"

are "reviewable for clear error," and decisions on "matters of discretion" are "reviewable for 'abuse of discretion.'" <u>Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.</u>, 134 S. Ct. 1744, 1748 (2014) (citing <u>Pierce v. Underwood</u>, 487 U.S. 552, 558 (1988)).

IV.  <u>Discussion</u>

Following the trial and jury verdict in this civil action and entry of the judgement order, defendants now move for judgment notwithstanding the verdict or, in the alternative, for a new trial (ECF No. 170), and also move, in the alternative, to alter or amend the judgment or, in the alternative, for a new trial on damages (ECF No. 171).  This Court has reviewed the fully briefed post-trial motions and has considered the contentions of the parties. For the reasons that follow, defendants' Rule 50 post-trial motion for judgment notwithstanding the verdict or, in the alternative, for a new trial (ECF No. 170) is denied, and defendants' Rule 59 post-trial motion to alter or amend the judgment or, in the alternative, for a new trial on damages (ECF No. 171) is granted in part and denied in part as framed.  Defendants' motions are discussed, in turn, below.

A.  <u>Defendants' Rule 50 Motion</u>

Defendants filed a Rule 50 motion for judgment notwithstanding the verdict or, in the alternative, for a new trial and argue that, as a matter of law, the evidence submitted by plaintiff was insufficient to prove his contractual entitlement to the commission

in question. ECF No. 170. In particular, defendants assert that there was no evidentiary basis to reasonably conclude that the parties reached a meeting of the minds. Lacking this evidence, defendants contend all four counts of the plaintiff's amended complaint fail. Defendants assert that, as a matter of law, the evidence presented by plaintiff at trial was insufficient to establish (1) that the parties entered into a final, binding contract for a commission, and (2) that there was a meeting of the minds on plaintiff's interpretation of the commission term, and thus, Counts II and III fail. Because Counts II and III fail, defendants assert that the MWPCL claim also fails as Maryland law does not permit a plaintiff to maintain an MWPCL claim for unpaid wages where there is no enforceable underlying agreement.

In the alternative, defendants assert that even if the MWPCL claim survives judgment, the Court should strike plaintiff's claim for treble damages and attorneys' fees because defendants set forth a "bona fide" dispute to the claim and plaintiff failed to introduce evidence sufficient to meet his burden to prove that defendants lacked a good faith basis to defend the suit.

Finally, defendants argue that Macsherry's claim for quantum meruit or unjust enrichment (Count IV) fails for the same reasons as Counts II and III, because he presented no evidence that he conferred any benefit upon defendants that equity requires must be disgorged, and because there is no course of dealing from which a

commission can be inferred.  For these reasons, defendants contend that they are entitled to judgment notwithstanding the verdict on all of plaintiff's claims.  In the alternative, pursuant to Rule 50(b), defendants move in the alternative for a new trial.

Plaintiff filed a response in opposition to defendants' motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial.  ECF No. 187.  In support, plaintiff states that following trial, the jury returned a verdict in favor of the plaintiff as to all claims against all defendants.  Plaintiff asserts that he prevailed on his claim of violation of the MWPCL against all defendants and prevailed on his claims of breach of contract, promissory estoppel and quantum meruit against SPLLC and CDC.  Further, plaintiff adds, the jury found that each defendant did not act in good faith by not paying plaintiff his commission. ECF No. 158.  Plaintiff states that he had a contract under the evidence presented at trial.  Plaintiff asserts that defendants' argument that there was no agreement or meeting of the minds regarding the terms of plaintiff's employment fails as plaintiff marshaled sufficient evidence that the parties reached a meeting of the minds concerning the terms of his employment.  Accepting plaintiff's testimony and witness testimony in the light most favorable to the plaintiff, as the Court must, plaintiff states that there is ample evidence that the parties intended to be bound by the terms set forth in the contract.  Regarding plaintiff's

entitlement to a commission, plaintiff further contends that the plain language of the contract does not suggest plaintiff needed to procure a sale or lease in order for him to be entitled to a commission following the closing of a deal to sell or lease the property.  Plaintiff also asserts that defendants' obligation to pay a commission is not illusory, in that there is nothing illusory or optional about defendants' obligation to pay plaintiff under his contract.  Plaintiff also contends that he marshaled evidence in support of his promissory estoppel claim and states that defendants' argument to the contrary is without merit as he fully performed his obligations under the contract, working for nearly two years at a salary far below that which he had been paid over his nearly 30 years working in the real estate development business.  Plaintiff further contends that defendants are not entitled to judgment on plaintiff's MWPCL claim because their arguments that the contract is unenforceable and that plaintiff's eligibility for his commission was dependent upon conditions other than his efforts, taking the remuneration outside the purview of the MWPCL, both fail in light of the ample evidence presented at trial and clearly established Maryland law.  Plaintiff further states that the evidence shows that defendants did not act in good faith in their decision to not pay plaintiff his commission.  Plaintiff also asserts that defendants are not entitled to judgment on the quantum meruit claim because under the evidence in this

case, plaintiff fully performed his employment duties, having engaged in various activities associated with marketing the property for sale or lease for a period of just over one year and nine months. Plaintiff argues that he produced evidence at trial of an implied in fact contract and states that there was ample evidence of the parties' mutual agreement. In conclusion, plaintiff states that defendants are not entitled to a new trial and that the motion for judgment notwithstanding the verdict should be denied.

Defendants then filed a reply to plaintiff's response in opposition and state that at trial, plaintiff failed to present proof on the most critical aspect of his claim. Defendants reiterate the argument that plaintiff failed to provide sufficient evidence for the jury to reasonably find a meeting of the minds on a clearly defined and legally enforceable commission. ECF No. 193. Defendants continue by stating that plaintiff failed to introduce evidence of any detrimental harm and, thus, his claim for promissory estoppel must fail. Next, defendants assert that they are entitled to judgment on the MWPCL claim in that plaintiff's claim necessarily fails if his purported contract is not enforceable, and also fails because plaintiff failed to offer sufficient evidence that payment of the commission was dependent upon his own efforts. Additionally, defendants contend that plaintiff is not entitled to collect treble damages or attorneys'

fees under the MWPCL due to the existence of a bona fide dispute. Lastly, defendants contend that they are entitled to judgment on the quantum meruit claim against CDC and SPLLC because plaintiff does not contest — and thus concedes — that he did not provide any uncompensated, extra-contractual services to defendants. In the alternative, defendants move for a new trial on all claims.

This Court has conducted an extensive review of the evidence in the record, including a review of the considerable amount of evidence that the jury heard regarding plaintiff's withheld commission. Upon review, this Court finds that plaintiff marshaled sufficient evidence at trial for the jury to find in favor of the plaintiff and against the defendants on all claims. Based on the record and all of the evidenced presented, and in viewing the evidence in the light most favorable to plaintiff as the nonmoving party and drawing all reasonable inferences in favor of the plaintiff, this Court finds that the jury's findings are supported by substantial evidence presented at trial.

Accordingly, defendants' Rule 50 motion for judgment notwithstanding the verdict, or in the alternative, for a new trial (ECF No. 170) is denied.

B.  Defendants' Rule 59 Motion

Defendants also filed a Rule 59 motion to alter or amend the judgment or, in the alternative, for a new trial on damages. ECF No. 171. Defendants contend that the judgment should have been

entered only in the total of $1,000,000.00 ($825,000.00 for the commission, and $175,000.00 in additional damages awarded by the jury) jointly and severally as to all defendants, and assert that the order of judgment on its face does not accurately reflect such an award. In the alternative, if this Court declines to enter an order altering or amending the order of judgment, defendants state that a new trial on damages should be granted.

In support of the motion, defendants argue that plaintiff's amended complaint asserted each count as an alternative means of recovering the claimed commission of $825,000.00, and requested entry of judgment jointly and severally against each defendant. Additionally, defendants assert that plaintiff is only entitled to recover once for the purported harm (i.e., the commission), and assuming plaintiff elects his remedy as recovery under the MWPCL, the order of judgment should be amended to reflect entry of a judgment for $1,000,000.00, jointly and severally against all defendants. ECF No. 171-1 at 10. Defendants further contend that plaintiff may not recover in quasi-contract because the jury found the existence of an express contract. Id. If, however, the Court declines to amend the judgment under Rule 59(e), defendants argue that the Court can and should grant a new trial nisi reimittitur pursuant to Rule 59(a). ECF No. 171-1 at 11. Beyond defendants' argument regarding double recovery, defendants advance the argument that an award in excess of $1,000,000.00 would be excessive and

unwarranted asserting that plaintiff neither proved nor attempted to prove at trial any damages beyond the claimed $825,000.00 commission and the only other damages sought by plaintiff were a trebling of the commission as permitted by statute, and on that aspect of the claim the jury unambiguously awarded $175,000.00. ECF No. 171-1 at 14.

Plaintiff filed a response in opposition to defendants' motion. ECF No. 182. Plaintiff argues that defendants' failure to timely object to either the verdict sheet or the jury instructions amounts to a waiver of those objections. Compounding defendants' waiver issues, plaintiff adds, is the fact that defendants themselves submitted a proposed verdict sheet that included the opportunity for the jury to award separate damages against each defendant, for all causes of action remaining against that defendant. Plaintiff asserts that at no time during the two charging conferences, conducted by the Court on the record in chambers, did defendants object to the jury instructions or the verdict sheet concerning a possible "double recovery" verdict to which they now complain, either by way of the jury making individual awards against each defendant (several liability) or by way of the jury making awards for all causes of action remaining against defendants, including contract and quasi-contract claims. Plaintiff contends that, for purposes of defendants' motion, it is noteworthy that the jury instructions examined by the parties

during the charging conferences included the following: "[a]n employee may have more than one employer at a given time[]" and "[e]ach defendant is entitled to a fair and separate consideration of that defendant's own defense and is not to be affected by your decision with respect to the other defendants." "These instructions apply to each defendant unless otherwise indicated." Both instructions, the former requested by the plaintiff and the latter requested by the defendants, were included in the final set of jury instructions delivered by the Court without objection.

Likewise, for purposes of defendants' motion, plaintiff adds that it is noteworthy that the proposed verdict forms submitted by both parties provided for separate awards for each cause of action surviving against each defendant. See ECF No. 106 (plaintiff's proposed verdict sheet) and ECF No. 112 (defendants' proposed verdict sheet). Neither parties' proposed verdict sheet was selected by the Court for delivery to the jury. Instead, the Court adopted a "hybrid" version of defendants' and plaintiff's proposed verdict sheets, incorporating defendants' questions regarding the MWPCL claims and plaintiff's version regarding the remaining claims. Consistent with the verdict sheet proposals provided by all parties, the verdict sheet used provided for separate awards for each cause of action surviving against each defendant. The parties examined and discussed the Court's hybrid verdict sheet and had the opportunity to note objections and request changes.

Plaintiff notes that defendants made no objections concerning any possible "double recovery" under the verdict sheet, either pursuant to defendants being potentially severally liable for damages or liable for damages for multiple causes of action.

Plaintiff continues by arguing that following the Court's ruling on the parties' Rule 50 motions, which were all denied, the Court once again presented its hybrid version of the verdict sheet to the parties for their final consideration in open court outside the presence of the jury. Once again, the Court allowed for objections and suggested changes to the verdict sheet. Again, defendants made no objection regarding the form or content of the verdict sheet, either pursuant to defendants being potentially severally liable for damages, or liable for damages for multiple causes of action. Plaintiff notes that defendants did not make a motion for the plaintiff to elect whether he wished to proceed on his contract claims against defendants SPLLC and CDC or quasi-contract claims against those same defendants.

Plaintiff states that, in the context of defendants' instant motion, defendants made no objection to the jury's verdict or requested any clarification of the jury's verdict once it was returned and prior to their discharge. Accordingly, plaintiff argues that defendants waived any objections to the form of the jury's verdict for several reasons, particularly now that the jury has been discharged.

Defendants then filed a reply to plaintiff's response in opposition and argue that plaintiff does not challenge the black-letter prohibition against double recovery, nor does he dispute the maxim that a plaintiff prevailing on multiple, alternative grounds must elect his choice of remedy. Defendants argue that plaintiff's opposition does not contest Maryland's ample legal authorities mandating that no plaintiff may recover in quasi-contract if an express contract exists between the parties. Nor does plaintiff dispute that his amended complaint (ECF No. 26) sued and sought judgment against all defendants jointly and severally. Finally, defendants assert that plaintiff does not meaningfully distinguish this Court's own cases finding that a plaintiff who brings alternative claims for the same unpaid wage is limited to a single recovery regardless of the number of counts or defendants involved. Instead, defendants assert that plaintiff argues — without citation to any precedential authority — that defendants invited an improper judgment by not objecting to the verdict sheet or the jury instructions. In taking this position, defendants argue that plaintiff implicitly concedes that the judgment constitutes an improper aggregation of damages that would permit duplicative recovery, but, in effect, asks this Court to uphold it anyway on the grounds that defendants "asked for it."

Defendants argue that they made clear in the Court conference that plaintiff would only be entitled to but one award of damages,

regardless of whether the jury found against more than one party or on more than one claim. ECF No. 192 at 3. Additionally, defendants assert that the verdict sheet is not inconsistent, citing the fact that the exact same amount was awarded against all defendants, on each alternative claim. Defendants ultimately assert that plaintiff is entitled to only one recovery for his single harm and that aggregated verdicts are permitted only where the verdict is logical and probable only if aggregated. Defendants conclude by stating that plaintiff does not contest, and thus concedes that he cannot recover in both contract and quasi-contract, and additionally, that plaintiff must elect his remedy between MWPCL and breach of contract, but cannot have both. This Court has reviewed the fully briefed motions and the contentions of the parties, as well as the applicable standard of review. As stated above, Rule 59(a) provides the trial court discretion, after a jury trial, to grant a new trial on all or some of the issues only if the verdict: (1) is against the clear weight of the evidence; (2) is based upon false evidence; or (3) "will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Atlas Food Sys. & Servs., Inc., 99 F.3d at 594. Additionally, the trial court may order a new trial nisi remittitur if it concludes that a jury award of compensatory damages is excessive or if the jury's verdict is against the weight of the evidence or based on evidence

which is false.  <u>Jones</u>, 777 F.3d at 672; <u>Sloane</u>, 510 F.3d at 502.
This Court has reviewed the record and finds no grounds for relief
pursuant to Rule 59(a).  Thus, this Court finds that defendants'
motion, to the extent it seeks alternative relief under Rule 59(a),
fails.

Upon review, this Court finds that defendants are, however,
entitled to relief under Rule 59(e).  As stated above, the purpose
of Rule 59(e) is to "permit a district court to correct its own
errors, sparing the parties and the appellate courts the burden of
unnecessary appellate proceedings." <u>Pac. Ins. Co. v. Am. Nat'l
Fire Ins. Co.</u>, 148 F.3d, 403 (4th Cir. 1998) (citation and internal
quotations omitted), <u>cert. denied</u>, 525 U.S. 1104 (1999).  Rule
59(e) motions will be granted in three circumstances: "(1) to
accommodate an intervening change in controlling law; (2) to
account for new evidence not available at trial; or (3) to correct
a clear error of law or prevent manifest injustice." <u>Ingle ex rel.
Estate of Ingle v. Yelton</u>, 439 F.3d 191, 197 (4th Cir. 2006)
(citing <u>Pac. Ins. Co.</u>, 148 F.3d at 403).

As an initial matter, this Court finds that the first two
circumstances where a court may grant relief under Rule 59(e) are
not contested and do not apply to defendants' arguments in their
motion, leaving only the third possible circumstance, to correct a
clear error of law or prevent manifest injustice, for this Court's
consideration.  In consideration of the foregoing, this Court finds

that it is necessary to grant the defendants' Rule 59 motion, in part, to correct a clear error in this Court's previously entered order of judgment (ECF No. 160) and to prevent manifest injustice.

Moreover, this Court notes that in its previous order, entered August 24, 2018, granting in part and denying in part defendants' motion to stay execution of judgment pending resolution of the post-trial motions and directing the defendants to post bond, this Court stated:

> This Court recognizes that the dispute as to what the appropriate amount of the judgment is in this civil action is the subject of the defendants' post-trial motions which are not yet fully briefed by the parties. At this time, and solely for the purposes of this order in regard to the instant motion, this Court finds that the amount delineated above is appropriate to provide proper security to the plaintiff pursuant to Rule 62(b), and does not in any way impact this Court's consideration of the pending post-trial motions. Further, this Court notes that the bond amounts as to each defendant may be subject to modification.

ECF No. 175 at 5 n.4.

Accordingly, this Court will first address the argument that plaintiff may not recover in both contract and quasi-contract, then address defendants' argument that plaintiff is entitled to only one recovery for his single harm, and then analyze the issue of joint and several liability amongst the defendants.

## 1. Recovery in Both Contract and Quasi-Contract

First, as to the issue of quasi-contractual claims, Count III of the amended complaint sets forth a claim for promissory estoppel and Count IV of the amended complaint sets forth a claim for

quantum meruit. Following trial, the jury returned a verdict in favor of the plaintiff as to these quasi-contractual claims in addition to returning a verdict in favor of plaintiff for breach of contract. As it is currently entered, the order of judgment reflects the jury's awards in favor of plaintiff for both contract and quasi-contract claims.

As this Court articulated in its memorandum opinion regarding summary judgment, in general, promissory estoppel claims are "quasi-contractual." See ECF No. 71 at 20 (citing Ver Brycke v. Ver Brycke, 379 Md. 669, 693 n.9, 843 A.2d 758, 772 n.9 (2004)). Characterizing promissory estoppel as a "quasi-contract" claim, the Maryland Court of Appeals said in Ver Brycke, id. at 693 n.9, 843 A.2d at 772 n.9: "'The general rule is that no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests.'" Id. (quoting Cnty. Comm'rs of Caroline Cnty v. Roland Dashiell & Sons, Inc., 358 Md. 83, 95, 747 A.2d 600, 607 (2000)).

Additionally, this Court also stated that under Maryland law, a claim for quantum meruit may be based on a contract implied in fact or a contract implied by law, which is often referred to as unjust enrichment. See ECF No. 71 at 52 (citing Mogavero v. Silverstein, 142 Md. App. 259, 275, 790 A.2d 43, 52 (2002)). Unjust enrichment and quantum meruit "'are remedies to provide

relief for a plaintiff when an enforceable contract does not exist but fairness dictates that the plaintiff receive compensation for services provided.'" ECF No. 71 at 53 (citing <u>Dashiell</u>, 358 Md. at 96-97, 747 A.2d at 607 (quoting <u>Dunnaville v. McCormick & Co.</u>, 21 F. Supp. 2d 527, 535 (1998)). This Court again reiterated that "[t]he general rule is that no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests." ECF No. 71 at 53-54 (citing, among other cases, <u>Dashiell</u>, 358 Md. at 96, 747 A.2d at 610 ("We hold that, generally, quasi-contract claims such as quantum meruit and unjust enrichment cannot be asserted when an express contract defining the rights and remedies of the parties exists.")).

As defendants note in the memorandum in support of their motion, "[p]laintiff may not recover in quasi-contract because the jury found the existence of an express contract." ECF No. 171-1. This Court agrees. Plaintiff also explicitly acknowledged this principle of law in his respective post-trial brief in opposition to defendants' motion regarding this issue. <u>See</u> ECF No. 182 at 8 n.5. As this Court previously ruled in this case, "if there is no valid contract, as defendants maintain, then plaintiff may pursue a quasi-contractual claim." ECF No. 71 at 49. However, this Court went on to explain that, while both contract and quasi-contract claims may be plead in the alternative, "a plaintiff 'may not

23

recover under both . . . theories . . . ." <u>Id.</u> (quoting <u>Swedish</u>
<u>Civil Admin. v. Project Mgt. Enters. Inc.</u>, 190 F. Supp. 2d 785, 792
(D. Md. 2002)).

Accordingly, to correct a clear error of law and prevent
manifest injustice, this Court finds that it must amend the order
of judgment to eliminate plaintiff's recovery under the jury's
verdict as it relates to the quasi-contractual theories of
promissory estoppel (Count III) and quantum meruit (Count IV).

2.  <u>Double Recovery, Election of Remedy, and Waiver</u>

As to defendants' argument that plaintiff is entitled to only
one recovery for his single harm, this Court finds that plaintiff
may not recover under both the MWPCL and the breach of contract
claim, and that plaintiff must elect his remedy to prevent an
impermissible double recovery on duplicative damages.

While defendants argue that plaintiff is only entitled to a
single recovery for a single harm, plaintiff argues that defendants
waived any challenges to the jury's verdict by failing to object to
either the jury instructions or the verdict sheet at any time
despite being given multiple opportunities to do so by the Court.
After review of the parties' arguments, this Court is of the
opinion that plaintiff's recovery under both the MWPCL claim and
the breach of contract claim is not permissible in that a judgment
entered against the defendants under both claims would result in an
impermissible double recovery.

This Court finds that plaintiff correctly states that defendants did fail to raise any specific objection to the jury instructions or verdict sheet before, at, or after the close of evidence regarding double recovery. To be sure, defendants had several opportunities to specifically object to or request changes to the verdict sheet, either during the charging conferences, or when this Court circulated a final verdict sheet in open court for the parties review after its denial of the parties' Rule 50 motions. Defendants never articulated an argument as to double recovery under the MWPCL claim and the breach of contract claim, and never requested that plaintiff clarify if he was seeking relief under these counts as alternative theories.

Additionally, this Court acknowledges that while its previous memorandum opinion regarding summary judgment explicitly ruled that plaintiff's contract and quasi-contract claims were mutually exclusive, it did not address the issue of possible double recovery or plaintiff's alternative theories. Further, this Court is mindful that a Rule 59(e) motion may not be used to raise arguments which could have been raised prior to the issuance of the judgment, nor may it be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Pac. Ins. Co., 148 F.3d at 403.

Typically, in a civil action such as this, plaintiff concedes that his claims are plead in the alternative, and defendants raise

the election of remedy and possible double recovery issue before the entry of judgment. However, that is not the case here. Thus, the case at hand presents a unique situation under the circumstances. Plaintiff's primary argument in response to defendants' contentions is that defendants failed to raise this issue and thus waived their objection. While the United States Court of Appeals for the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to raise arguments which could have been raised prior to the issuance of the judgment, an analysis of this issue under plaintiff's waiver theory misses the mark. Resolving the issue of whether or not judgment can stand under both the MWPCL claim and the breach of contract claim does not turn on defendants' failure to object, waiver, and invited error as plaintiff argues. Rather, this Court finds that determination of this issue turns on whether or not amending the judgment order currently entered against the defendants under both the MWPCL claim and breach of contract claim is warranted under the Rule 59 standard of correcting a clear error of law or preventing manifest injustice. Ingle, 439 F.3d at 197 (4th Cir. 2006) (citing Pac. Ins. Co., 148 F.3d at 403)). This Court has stated that "[c]lear error or manifest injustice occurs where a court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." Wagner

v. Warden, Civ. No. ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (internal quotation marks omitted); see also TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009). This Court finds, in this particular circumstance, this standard is met and relief is necessary.

A review of the applicable case law regarding this specific issue reveals that plaintiff must elect his remedy under the MWPCL claim or the breach of contract claim, as a judgment entered under both the MWPCL claim and breach of contract claim would amount to an impermissible and duplicative double recovery for the same purported harm.

Under what is known as the "one wrong, one recovery rule," a party may not recover twice for one injury, even if the party asserts multiple, consistent theories of recovery. See Gen. Tel. Co. of the Northwest, Inc. v. EEOC, 446 U.S. 318, 333, 100 S. Ct. 1698, 64 L.Ed.2d 319 (1980) ("It . . . goes without saying that the courts can and should preclude double recovery by an individual."); United States v. Rachel, 289 F. Supp. 2d 688, 697 (D. Md. 2003) ("The one wrong, one recovery rule precludes a party from double recovery for a single injury." (citing Kramer v. Emche, 64 Md. App. 27, 494 A.2d 225, 231 (Md. Ct. Spec. App. 1985))).

Therefore, as this Court has previously held, plaintiff will recover only once for all damages resulting from defendants' failure to pay him his deserved wages, even though plaintiff

established defendants' liability under the MWPCL and for breach of contract. See Clancy v. Skyline Grill, LLC, No. CIV. ELH-12-1598, 2012 WL 5409733, at *5 (D. Md. Nov. 5, 2012), report and recommendation adopted, No. CIV.A. ELH-12-1598, 2013 WL 625344 (D. Md. Feb. 19, 2013). This Court finds that amending the judgment order to reflect an award under the MWPCL claim only is necessary to correct a clear error and prevent manifest injustice.

To the extent plaintiff does argue in his response that judgment on both the MWPCL claim and the breach of contract claim is permissible, this Court finds plaintiff's argument unavailing. While plaintiff argues that Clancy is markedly different from the case at hand because it deals the entry of damages under a motion for default judgment, this Court finds that it is of no consequence that the defendants in Clancy defaulted. While plaintiff may be correct that these cases differed procedurally, the substantive holding from Clancy is that double recovery for unpaid wages in Maryland, including claims asserted pursuant to the MWPCL, is not permitted merely because a plaintiff may prevail on multiple, alternative counts, including breach of contract.

In addition to Clancy, this Court finds the Court's decision in Imgarten v. Bellboy Corp., 383 F. Supp. 2d 825 (D. Md. 2005), instructive. In Imgarten, the Court acknowledged that plaintiff advanced alternative theories of breach of contract and violation of the Maryland Wage Payment and Collection Law. The jury awarded

Imgarten $808,927.00 in unpaid wages and exemplary damages of $233,244.00, for a total of $1,042,171.00. The jury also awarded Imgarten $808,927.00 in unpaid wages on his breach of contract claim. In considering whether or not to add the breach of contract award in addition to the award under the MWPCL, the Court held that the award of $808,927.00 in unpaid wages on plaintiff's breach of contract claim "is duplicative and does not serve to increase the total." Imgarten v. Bellboy Corp., 383 F. Supp. 2d 825, 852 fn.1. (D. Md. 2005). See also Orellana v. Cienna Properties, LLC, No. CIV.A. JKB-11-2515, 2012 WL 203421, at *6 (D. Md. Jan. 23, 2012) (To avoid double recovery, the Court did not add contract damages which were already included and able to be recovered under plaintiff's MWHL claim to plaintiff's total award.); Mata v. G.O. Contractors Grp., Ltd., No. CV TDC-14-3287, 2015 WL 6674650, at *4 (D. Md. Oct. 29, 2015) (Articulating the principle against double recovery, and finding that although plaintiffs established liability under the FLSA, MWHL, or MWPCL, they cannot recover more than once for the same harm, and awarding damages under the MWPCL as that statute provided the avenue for greatest recovery.).

Here, the jury awarded $825,000.00 — i.e. the undisputed value of the commission — as the amount of the commission owed to plaintiff under the MWPCL. On the additional damages portion of the MWPCL, the jury awarded $175,000.00. As to the breach of contract claim, the jury indicated that $825,000.00 was the amount

owed to plaintiff under the contract. Upon review of the verdict, and consistent with the approach utilized by the Court in Imgarten, this Court finds that the judgment order must reflect an award to plaintiff for his commission of $825,000.00, and award additional damages of $175,000.00, for a total award of $1,000,000.00 under the MWPCL. This Court will award damages under the MWPCL as that statute provides the avenue for greatest recovery. Additionally, this Court is of the opinion that this finding comports with the purpose of Rule 59(e) of permitting a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings. Pac. Ins. Co., 148 F.3d at 403.

### 3. Joint and Several Liability

In addressing the contentions of the parties as to joint and several liability, this Court finds that it is necessary to consider the jury's verdict as well as plaintiff's operative pleading.

Critically, this Court finds that in his operative pleading, the amended complaint (ECF No. 26), plaintiff sought judgment "in favor of [p]laintiff Macsherry and jointly and severally against [d]efendants for failing to pay wages in violation of the MWPCL." ECF No. 26 at 7. Additionally, in his operative pleading, his amended complaint, plaintiff sought judgment in favor of [p]laintiff Macsherry and jointly and severally against

[d]efendants for breach of contract." _Id._ at 8. This Court further notes that plaintiff sought judgment jointly and severally against defendants for his quasi-contract claims as well. _Id._ at 10, 11. This Court finds that plaintiff's operative pleading, which clearly demands the defendants be held jointly and severally liable for plaintiff's damages, controls.

As it relates to the formation of the verdict form, this Court finds the plaintiff's "invited error" argument unavailing. This is not a matter of invited error or waiver, but rather an instance of reading the jury's verdict finding each defendant liable on each count consistently with plaintiff's operative pleading. The plaintiff argues that "[d]efendants themselves submitted a Proposed Verdict Sheet that included the opportunity for the jury to award separate damages against each [d]efendant, for all causes of action remaining against that [d]efendant." ECF No. 182. As plaintiff correctly notes, the claims presented by plaintiff were separated as to each defendant on the verdict form. Under the circumstances presented, it was necessary to break out the separate claims and separate defendants so that the jury could render a verdict as to each. If the claims or parties had been combined on the verdict sheet, there would have been no way for the jury to evaluate each one independently. Without separation of the claims and parties, it would be impossible to know whether the jury considered and came to verdict on all of the matters that were before it. This Court

reads the jury's finding of each defendant liable on each count to mean that all three defendants are jointly and severally liable for the same damages. Upon review, this Court finds that defendants SPLLC, CDC, and Roberts are jointly and severally liable for the jury's award of $1,000,000.00 under the MWPCL claim.

Upon review, the order of judgment must be amended to reflect that the defendants are jointly and severally liable, consistent with the jury verdict, to prevent clear error and manifest injustice. Accordingly, this Court finds that defendants SPLLC, CDC and Roberts are jointly and severally liable for the plaintiff's award of $825,000.00 as a commission and $175,000.00 in additional damages for violation of the MWPCL.

Accordingly, defendants' Rule 59 motion to alter or amend the judgment or, in the alternative, for a new trial on damages (ECF No. 171) is granted in part and denied in part as framed.

C. Plaintiff's Motion for Attorneys' Fees and Costs

Pursuant to the MWPCL, Federal Rule of Civil Procedure 54(d)(2)(A) and Local Rule 109.2, plaintiff filed a motion for award of attorneys' fees and costs. ECF No. 161. Pursuant to Local Rule 109.2(b), plaintiff filed a memorandum in support of the motion. ECF No. 177. In support of the motion, plaintiff asserts that he brought a civil action against defendants for violating the MWPCL following their refusal to pay plaintiff a commission he earned as an employee. ECF No. 161 at 1. Plaintiff further states

that following trial, the jury returned a verdict in favor of the plaintiff and against defendants for violating the MWPCL, finding that the commission plaintiff claimed in this civil action was a "wage" as defined by the MWPCL, and that the jury found that defendants violated the MWPCL by not paying plaintiff a commission he earned.  Plaintiff states that the jury awarded the full amount of the commission, plus additional damages, and adds that the jury also found that the defendants had no bona fide basis to withhold plaintiff's commission.  Plaintiff's civil action was brought pursuant to subsection (a) of § 3-507.2(b) of the MWPCL which permits an award of reasonable counsel fees and other costs.  ECF No. 161 at 2.  Plaintiff asserts that the total is $513,794.50 for attorney's fees and $32,153.68 in costs.  ECF No. 177-1. Defendants then filed a response in opposition to plaintiff's motion for attorneys' fees and costs (ECF No. 188), and plaintiff filed a reply to defendants' response (ECF No. 189).

For the reasons set forth below, this Court will hold plaintiff's motion for attorneys' fees and costs in abeyance and stay such motion until exhaustion of any appeal in this case to the United States Court of Appeals for the Fourth Circuit or other final resolution of this civil action.

District courts possess inherent power to stay litigation proceedings.  See Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent

in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); see also Clinton v. Jones, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). This power may be exercised sua sponte. Crown Cent. Petroleum Corp. v. Dept. of Energy, 102 F.R.D. 95, 98 (D. Md. 1984) (citing Landis, 299 U.S. at 254-55); see Rice v. Astrue, No. 4:06-CV-02770-GRA, 2010 WL 3607474 at *2 (D.S.C. Sept. 9, 2010) ("Although there has been no request to hold the instant motion in abeyance, a federal court has the inherent power to stay, sua sponte, an action before it.").

In the interest of judicial economy, this Court finds that holding plaintiff's motion for attorneys' fees and costs in abeyance pending the resolution of any appeal of the underlying jury verdict, judgment order, or other resolution of this civil action is the proper course of action at this time. Plaintiff is seeking a significant award in his motion for attorneys' fees and costs. An examination of all the supporting documentation that the parties provided in relation to the motion, together with an examination of the legal issues involved in the briefing of the motion, will require a great amount of time and an analysis of numerous factual and legal issues. If any appeal of the jury verdict and amended judgment is successful, such time and effort

34

expended ruling on these matters will be a misuse of this Court's resources as at the very least such rulings will need altered.

As such, this Court finds that plaintiff's motion for attorneys' fees and costs (ECF No. 161) is stayed pending the final resolution of any appeal in this matter or other final resolution thereof. <u>See</u> <u>Reed v. Health and Human Services</u>, 774 F.2d 1270, 1277 (4th Cir. 1985) (holding that a district court may defer ruling on a petition for attorneys' fees pending a final resolution of the merits).

## V. <u>Conclusion</u>

For the reasons set forth above, defendants' Rule 50 motion for judgment notwithstanding the verdict or, in the alternative, for a new trial (ECF No. 170) is DENIED and defendants' Rule 59 motion to alter or amend the judgment or, in the alternative, for a new trial on damages (ECF No. 171) is GRANTED IN PART and DENIED IN PART AS FRAMED.

Accordingly, the order of judgment entered in favor of plaintiff and against defendants on July 16, 2018 (ECF No. 160) is hereby ORDERED AMENDED. An amended order of judgment consistent with this memorandum opinion and order will be entered separately.

Further, plaintiff's motion for attorneys' fees and costs (ECF No. 161) is STAYED pending the resolution of any appeal in this matter or other resolution of this civil action. The parties are DIRECTED to notify this Court of the resolution of any appeal in

this matter or any other resolution thereof.  If no such appeal is filed within 30 days from the entry of this order, the parties shall advise this Court and this Court can then consider lifting the stay and deciding plaintiff's motion for attorneys' fees and costs.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    February 12, 2019


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE